UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST, SERIES NC 2005-HE8, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES NC 2005-HE8, <br><br>Plaintiff, <br><br>v. <br><br>ERIC RICHMOND, a/k/a ERIC H. RICHMOND <br><br>and <br><br>CITIMORTGAGE, INC., f/k/a CITIGROUP MORTGAGE, INC. <br><br>Defendants. | No. 2:21-cv-00208-JAW |

**ORDER ON MOTION TO STRIKE PORTIONS OF THE COMPLAINT**

Concluding that a motion to strike is not a proper vehicle to challenge a mortgagee's standing to bring a foreclosure action, the Court dismisses without prejudice the mortgagor's motion to strike from a foreclosure complaint the mortgagee's factual allegations about an assignment that, according to the complaint, brought the mortgage and note within the mortgagee's ownership and possession sufficient to proceed with the foreclosure action. Instead, the Court rules that the mortgagee will be required to prove its standing to bring suit in any dispositive motion or trial to follow.

I. **BACKGROUND**

On July 29, 2021, U.S. Bank National Association, as trustee, on behalf of the holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2005-HB8, Asset Backed Pass-Through Certificates, Series NC 2005-HE8 (U.S. Bank) filed a complaint against Eric Richmond and CitiMortgage, Inc., f/k/a CitiGroup Mortgage, Inc. (CitiMortgage), seeking a foreclosure and sale of property located at 66 Back Meadow Road, Nobleboro, Maine, as well as proceeding under other legal theories, a breach of note, breach of contract, quantum meruit, and unjust enrichment. *Compl.* (ECF No. 1) (*Compl.*). On October 5, 2021, Mr. Richmond, acting pro se, moved to strike portions of the Complaint. *Def.'s Mot. to Strike Portions of the Compl. Pursuant to FRCP 12(F)* (ECF No. 11) (*Def.'s Mot.*). On November 10, 2021, U.S. Bank filed its opposition to the motion to strike. *Opp'n to Mot. to Strike* (ECF No. 19) (*Pl.'s Opp'n*).

As further background, in the Complaint, U.S. Bank alleged that on August 9, 2005, Mr. Richmond executed and delivered a promissory note to New Century Mortgage Corporation (New Century) in the amount of $198,000 and to secure that note, on the same day, he executed a mortgage in favor of New Century on 66 Back Meadow Road, Nobleboro, Maine, 04555. *Compl.* ¶¶ 8-9. The Complaint further alleges that on April 18, 2012, New Century assigned the mortgage to U.S. Bank and the Complaint alleges that Exhibit D is a copy of the assignment. *Id.* ¶ 10. The Complaint also alleges that the promissory note was assigned to U.S. Bank and that U.S. Bank is the lawful holder of the promissory note. *Id.* ¶¶ 14-15.

## II. THE PARTIES' POSITIONS

### A. Eric Richmond's Motion to Strike

In his motion, Mr. Richmond requests that the Court strike fifteen paragraphs and Exhibit D from U.S. Bank's complaint. *Def.'s Mot.* at 1-2. Mr. Richmond asserts that New Century was subject to an order of the Delaware Bankruptcy Court dated November 20, 2009, confirming a Modified Second Amended Joint Chapter 11 Plan of Liquidation (Modified Plan). *Id.* at 1. Mr. Richmond says that the Modified Plan "adopted, ratified and confirmed the New Century Liquidating Trust Agreement dated August 1, 2008, which created the Trust and appointed the Trustee, removed all officers and transferred all [New Century] assets to a liquidating trust leaving nothing to assign some 1,373 days later on April 18, 2012." *Id.* at 1-2. Accordingly, Mr. Richmond says that New Century had no assets to transfer to U.S. Bank on April 18, 2012, when it assigned the mortgage and note to U.S. Bank. *Id.* Terming the allegations of such an assignment "irrelevant, inflammatory, scandalous and illegal," Mr. Richmond demands that references to the assignments be struck. *Id.* at 2.

### B. U.S. Bank's Opposition

In its response, U.S. Bank argues that New Century had the authority to make the April 18, 2012, assignment because the assignment "was executed and recorded pursuant to a valid Power of Attorney which was ratified by the Bankruptcy Court in the New Century Mortgage Bankruptcy (07-104160BLS Bnkr. D. Del.)." *Pl.'s Opp'n* at 1. Furthermore, U.S. Bank represents that the "issue of the validity of the assignment has already been litigated extensively in New York Federal Courts so *res*

3

*judicata and issue preclusion* apply in this matter." *Id.* 1-2. (emphasis in original). Finally, U.S. Bank says that "this Mortgage was never part of the Bankruptcy Estate under 11 U.S.C. [§] 541(a), and [§] 541(d)." *Id.* at 2.

## III. LEGAL STANDARDS

Rule 12(f) of the Federal Rules of Civil Procedure provides:

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

FED. R. CIV. P. 12(f). "A Rule 12(f) motion is directed to the discretion of the court." *McGlauflin v. RCC Atl., Inc.*, 269 F.R.D. 56, 57 (D. Me. 2010); *see also Morell v. United States*, 185 F.R.D. 116, 118 (D.P.R. 1999); 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1381 (3d ed. 2004) (WRIGHT & MILLER). Motions to strike, however, are not favored, since "[m]odern litigation is too protracted and expensive for the litigants and the court to expend time and effort pruning or polishing the pleadings." WRIGHT & MILLER § 1382 (2009 Supp.). In general, a motion to strike should be denied unless it is clear that the challenged matter "can have no possible bearing on the subject matter of the litigation." *Berke v. Presstek, Inc.*, 188 F.R.D. 179, 180 (D.N.H. 1998) (citation omitted); WRIGHT & MILLER § 1382.

## IV. DISCUSSION

To rule on this motion to strike, the Court need not reach the merits of whether New Century validly assigned the note and mortgage to U.S. Bank because the Court

4

cannot fairly make that determination in the context of this motion. Mr. Richmond says that the New Century assignment was invalid; U.S. Bank says it was valid. The Court does not have enough information in this record to determine whether Mr. Richmond or U.S. Bank is correct. Placed in the context of Rule 12(f), the Court does not have a basis for concluding that the allegation of a valid assignment is "redundant, immaterial, impertinent, or scandalous." FED. R. CIV. P. 12(f).

For U.S. Bank to prove its foreclosure count, it must demonstrate by a preponderance of the evidence that it is "the mortgagee or any person claiming under the mortgagee." 14 M.R.S. § 6321. In the language of law, as interpreted by the Supreme Judicial Court of Maine, U.S. Bank must demonstrate that it has "standing to foreclose," a combination of an interest in "both the note and the mortgage." *United States Bank, N.A. v. Beedle*, 2020 ME 84, ¶ 11, 236 A.3d 433 (quoting *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 6, 96 A.3d 700) (citations omitted). As Mr. Richmond's objection about the legality of the assignment is a mixed question of law and fact, the Court will address this issue either through dispositive motion practice or through a trial and, in either case, U.S. Bank will have the onus to prove the required elements of its case, including the validity of the New Century assignment.

The Court therefore dismisses Mr. Richmond's motion to strike without prejudice, saving for another day the question in his motion.

V. **CONCLUSION**

The Court DISMISSES without prejudice Defendant's Motion to Strike Portions of the Complaint Pursuant to FRCP 12(F) (ECF No. 11).

5

SO ORDERED.

                                        <u>/s/ John A. Woodcock, Jr.</u>
                                        JOHN A. WOODCOCK, JR.
                                        UNITED STATES DISTRICT JUDGE

Dated this 1st day of December, 2021.