UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST, SERIES NC 2005-HE8, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES NC 2005-HE8,<br><br>      Plaintiff,<br><br>      v.<br><br>ERIC RICHMOND, a/k/a ERIC H. RICHMOND<br><br>   and<br><br>CITIMORTGAGE, INC., f/k/a CITIGROUP MORTGAGE, INC.<br><br>      Defendants. | No. 2:21-cv-00208-JAW |

**ORDER DENYING DEFENDANT'S MOTION TO EXTEND TIME TO FILE A PRE-ANSWER MOTION TO DISMISS**

A defendant files a motion to extend time to file a pre-answer motion to dismiss until June 1, 2022, so that he may review 20,000 documents and file a motion to dismiss a foreclosure complaint based on the content of what he finds. The Court denies the defendant's motion because even if the defendant were to discover useful information, the 20,000 documents are outside the pleadings and are unlikely to fit within the exceptions by which the Court may consider documents outside the pleadings for purposes of a motion to dismiss. As it is problematical whether the Court would be able to consider these multitudinous documents in ruling on

defendant's pre-answer motion to dismiss, the Court denies the defendant's motion for extension of time to obtain these documents before filing his answer. This ruling is without prejudice if the defendant later presents these documents in a properly filed motion for summary judgment.

I.   BACKGROUND

On July 29, 2021, U.S. Bank National Association, as trustee, on behalf of the holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2005-HE8, Asset Backed Pass-Through Certificates, Series NC 2005-HE8 (U.S. Bank) filed a complaint against Eric Richmond and CitiMortgage, Inc., f/k/a CitiCorp Mortgage, Inc. (CitiMortgage), seeking a foreclosure and sale of property located at 66 Back Meadow Road, Nobleboro, Maine. *Compl.* (ECF No. 1). The Complaint alleges other legal theories, including breach of note, breach of contract, quantum meruit, and unjust enrichment. *Id.*

After resolving other pending motions, the Court set December 17, 2021, as Mr. Richmond's deadline to answer the Complaint. *Dec. 3, 2021, Docket Entry*. On December 17, 2021, Mr. Richmond filed a motion to extend time to file a pre-answer motion to dismiss. *Def.'s Mot. for Extension of Time to File Pre-Answer Mot. to Dismiss Pursuant to [] Federal Rules of Civil Procedure 6(b)(1)(A)* (ECF No. 22) (*Def.'s Mot.*).[1] On December 20, 2021, U.S. Bank filed its opposition to Mr. Richmond's request for extended time. *Pl.'s Opp'n to Def.'s Mot. for Extension of Time to File Pre-Answer Mot. to Dismiss* (ECF No. 23) (*Pl.'s Opp'n*). Finally, on December 30, 2021,

---

[1]   To avoid confusion, the Court uses the ECF pagination when citing Mr. Richmond's Motion.

Mr. Richmond filed a reply to U.S. Bank's opposition.[2]  *Def.'s Mot. for Extension of Time to File Pre-Answer Mot. to Dismiss Pursuant to [] Federal Rules of Civil Procedure 6(b)(1)(A)* (ECF No. 24) (*Def.'s Reply*).

## II.    THE PARTIES' POSITIONS

### A.    Eric Richmond's Motion to Extend Time

Citing Federal Rule of Civil Procedure 6(b)(1)(A) Mr. Richmond asks the Court to grant him until June 1, 2022, to file a pre-answer motion to dismiss. *Def.'s Mot.* at 1-2.  Mr. Richmond submits that the mortgage assignment at issue in this case "is impossibly dated some 1,300+ days after all assets were transferred away from the entity assigning the mortgage" and that he "needs to review the entirety of the New Century Combined Bankruptcy Documents" before filing his pre-answer motion to dismiss.  *Id.* at 3.  Mr. Richmond estimates that he will need to review 20,000 documents, which will take him approximately 83 weeks.  *Id.*  He accordingly requests "an extension of time commensurate with the amount of time and possible costs necessary to review and process all New Century Combined Bankruptcy Documents."  *Id.* at 2.  He fixes that date at June 1, 2022.  *Id.*

### B.    U.S. Bank's Opposition

In opposition to Mr. Richmond's request, U.S. Bank says that "[w]hile it is true that Motions to Extend are routinely granted and [counsel] would consent to a two week extension of time . . . the instant request to extend time to June 1, 2022 is not supported by the factual allegations or the legal authorities cited."  *Pl.'s Opp'n* at 1.

---

[2]    The Court notes that Mr. Richmond filed a reply to U.S. Bank's opposition but only re-filed documents originally submitted in his initial motion to extend.  *See Def.'s Reply* at 1-8.

3

U.S. Bank argues that any request for an extension must be supported by "good cause" and that a "request that the litigation be suspended for over six months to give [Mr. Richmond] time to read documents is not good cause." *Id.* at 1-2.

### III.   LEGAL STANDARD

Rule 6(b)(1)(A) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires." FED. R. CIV. P. 6(b)(1)(A). "The good cause standard 'focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent.'" *Me. Med. Ctr. v. William A. Berry & Son, Inc.*, No. 2:16-cv-00052-JDL, 2016 U.S. Dist. LEXIS 120587, at *3 (D. Me. Sept. 7, 2016) (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004) (discussing Rule 16(b)).

### IV.   DISCUSSION

While Mr. Richmond's diligence is not at issue, the Court nonetheless concludes that Mr. Richmond has not demonstrated good cause for an extension of time to file his pre-answer motion to dismiss because he seeks extra time to review documents that the Court will likely be unable to consider in deciding his pre-answer motion to dismiss.

Rule 12(b)(6) governs motions to dismiss and requires dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In deciding a motion to dismiss "a court may not [ordinarily] consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Alt. Energy, Inc. v. St. Paul*

*Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001) (citing *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)); *see Freeman v. Town of Hudson*, 714 F.3d 29, 35-36 (1st Cir. 2013) ("On a motion to dismiss, a court ordinarily may only consider facts alleged in the complaint and exhibits attached thereto, or else convert the motion into one for summary judgment" (internal citations omitted)). There is a "narrow exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to the plaintiffs' claim; or for documents sufficiently referred to in the complaint.'" *Alt. Energy, Inc.*, 267 F.3d at 33 (quoting *Watterson*, 987 F.2d at 3); *see Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 74 (1st Cir. 2014) (quoting *Watterson*, 987 F.2d at 3); *Doe v. Pawtucket Sch. Dep't*, 969 F.3d 1, 8 (1st Cir. 2020) (enumerating exceptions recognized by the First Circuit).

In this case, even if the Court granted Mr. Richmond's extension to enable him to review the 20,000 documents, the Court would not be able to consider those documents in deciding his contemplated pre-answer motion to dismiss. U.S. Bank did not include, reference, or otherwise incorporate any of New Century Combined's bankruptcy documents in its Complaint, which means the Court may not review these documents on a motion to dismiss under which the Court must assume the accuracy of the allegations in a complaint.

Furthermore, none of the limited *Watterson* exceptions applies here. The parties have not agreed on the authenticity of these documents; indeed, Mr. Richmond claims the assignment is invalid, while U.S. Bank claims the opposite. Although some of New Century Combined's bankruptcy documents might be official

5

public records within the meaning of *Watterson*, others may not, and Mr. Richmond's estimate that there are 20,000 such documents gives the Court pause as to whether these records will fit within the *Watterson* exception. In short, the Court concludes that Mr. Richmond may not have extra time to review these documents because it is unlikely that the Court will be able consider these 20,000 documents in ruling on his pre-answer motion to dismiss.

This conclusion does not foreclose Mr. Richmond from seeking to obtain documents from the New Century Combined bankruptcy and later presenting legal arguments based on his discovered documents in the form of a motion for summary judgment. *See Alt. Energy, Inc.*, 267 F.3d at 33 (stating that extrinsic evidence is not ordinarily permitted on a motion to dismiss unless it has been properly converted into a motion for summary judgment). However, to bring such a dispositive motion, Mr. Richmond must first answer the Complaint and undertake legally authorized discovery. Only then may Mr. Richmond bring legal issues to the attention of the Court that depend on documentation outside the *Watterson* exceptions.

## V.   CONCLUSION

The Court DENIES Mr. Richmond's Motion for Extension of Time to File Pre-Answer Motion to Dismiss Pursuant to [] Federal Rules of Civil Procedure 6(b)(1)(A) (ECF No. 22) and ORDERS Mr. Richmond to answer the Complaint within twenty-one days of the date of this order.

SO ORDERED.

                                              /s/ John A. Woodcock, Jr.
                                              JOHN A. WOODCOCK, JR.
                                              UNITED STATES DISTRICT JUDGE

Dated this 14th day of February, 2022