UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST, SERIES NC 2005-HE8, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES NC 2005-HE8,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>ERIC RICHMOND, a/k/a ERIC H. RICHMOND<br><br>　　　　　and<br><br>CITIMORTGAGE, INC., f/k/a CITIGROUP MORTGAGE, INC.<br><br>　　　　　Defendants. | No. 2:21-cv-00208-JAW |

## AMENDED[1] ORDER DENYING DEFENDANT'S PENDING MOTIONS TO PROCEED IN FORMA PAUPERIS ON APPEAL

A defendant brings two motions to proceed in forma pauperis pursuant to Federal Rule of Appellate Procedure 24(a)(1) and 28 U.S.C. § 1915(a)(1) on his two pending interlocutory appeals. The Court denies both motions because the defendant's appeals are frivolous.

---

[1] This Amended Order corrects a typographical error in the original order, issued April 15, 2022, which is titled "Order Denying Plaintiff's Pending Motions to Proceed In Forma Pauperis on Appeal." This Amended Order substitutes the word "Defendant's" for "Plaintiff's" in the document title.

I.     BACKGROUND

On July 29, 2021, U.S. Bank National Association, as trustee, on behalf of the holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2005-HE8, Asset Backed Pass-Through Certificates, Series NC 2005-HE8 (U.S. Bank) filed a complaint against Eric Richmond and CitiMortgage, Inc., f/k/a CitiCorp Mortgage, Inc. (CitiMortgage), seeking a foreclosure and sale of property located at 66 Back Meadow Road, Nobleboro, Maine, and alleging other legal theories, including breach of note, breach of contract, quantum meruit, and unjust enrichment. *Compl.* (ECF No. 1).

On September 23, 2021, U.S. Bank filed a summons, confirming that it had served Mr. Richmond on September 13, 2021, by leaving the summons with Corey Richard at 66 Back Meadow Road, Nobleboro, Maine. *Summons in a Civil Action* (ECF No. 6). Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), Mr. Richmond was required to serve an answer within twenty-one days of being served with the summons and complaint. FED. R. CIV. P. 12(a)(1)(A)(i). Applying this twenty-one-day rule, Mr. Richmond's answer deadline was October 4, 2021.

On October 5, 2021, the day after Mr. Richmond's answer was due, U.S. Bank filed a motion for entry of default. *Pl.'s Mot. for Entry of Default as to Eric Richmond a/k/a Eric H. Richmond* (ECF No. 9). Once U.S. Bank filed its motion for default, the Clerk entered a default against Mr. Richmond pursuant to Federal Rule of Civil Procedure 55(a). *Order Granting Mot. for Entry of Default* (ECF No. 10). Shortly

after the Clerk entered a default against Mr. Richmond, his motion to strike portions of the Complaint arrived in the Clerk's Office. *Def.'s Mot. to Strike Portions of the Compl. Pursuant to FRCP 12(F)* (ECF No. 11). On October 6, 2021, the Court vacated the Clerk's entry of default. *Order* (ECF No. 13). On December 1, 2021, after resolving other pending motions, the Court dismissed without prejudice Mr. Richmond's motion to strike, concluding that a motion to strike was not the proper vehicle for him to challenge U.S. Bank's standing to bring a foreclosure action. *Order on Mot. to Strike Portions of the Compl.* at 1 (ECF No. 21) (*Order on Mot. to Strike*). The Court subsequently set December 17, 2021, as Mr. Richmond's new deadline to answer the Complaint. *Dec. 3, 2021, Docket Entry*.

On December 17, 2021, Mr. Richmond filed a motion to extend time to file a pre-answer motion to dismiss. *Def.'s Mot. for Extension of Time to File Pre-Answer Mot. to Dismiss Pursuant to [] Federal Rules of Civil Procedure 6(b)(1)(A)* (ECF No. 22) (*Def.'s Mot. to Extend*). On February 14, 2022, the Court denied Mr. Richmond's motion to extend time to file a pre-answer motion and ordered Mr. Richmond to answer the Complaint within twenty-one days. *Order Denying Def.'s Mot. to Extend Time to File a Pre-Answer Mot. to Dismiss* at 7 (ECF No. 25) (*Order Denying Mot. to Extend*). Upon docketing of the order, the Court re-set Mr. Richmond's deadline to file his answer to March 7, 2022. *Feb. 14, 2021, Docket Entry*.

On March 2, 2022, Mr. Richmond filed a motion to vacate the Court's December 1, 2021, order dismissing his motion to strike, and the Court's February 14, 2022, order denying his motion to extend time to file a pre-answer motion. *Def.'s Mot. to*

3

*Vacate Docket #21 and Docket #25 Pursuant to Federal Rules of Civil Procedure 60(b)(1), 60(b)(3), 60(b)(4), 60(b)(5) and 60(b)(6) and for Judicial Notice Pursuant to Federal Rules of Evidence Rule 201 Judicial Notice of Adjudicative Facts that December 8, 2021 Comes Before December 20, 2021* (ECF No. 26) (*Def.'s Mar. 2, 2022, Mot.*). On March 9, 2022, after Mr. Richmond's March 7, 2022, deadline for answering the Complaint lapsed, the Court denied Mr. Richmond's motion to vacate its prior orders but sua sponte granted Mr. Richmond an additional seven days in which to answer the Complaint. *Order* (ECF No. 27)

On March 14, 2022, Mr. Richmond filed a motion to vacate the Court's March 9, 2022, order denying his motion to vacate the Court's December 1, 2021, and February 14, 2022 orders, which the Court denied that same day. *Def.'s Mot. to Vacate Docket #27 Pursuant to Federal Rules of Civil Procedure 60(b)(1), 60(b)(4) and 60(b)(6) and for Judicial Notice Pursuant to Federal Rules of Evidence Rule 201 Judicial Notice of Adjudicative Facts* (ECF No. 28); *Order* (ECF No. 29). On March 15, 2022, U.S. Bank filed a motion for entry of default judgment, as Mr. Richmond had not answered the Complaint. *Pl.'s Mot. for Entry of Default as to Def.* (ECF No. 31). On March 23, 2021, the Deputy Clerk granted U.S. Bank's motion for entry of default against Mr. Richmond. *Order* (ECF No. 31).

On March 24, 2022, Mr. Richmond filed a motion to vacate the Court's March 14, 2022, order denying his latest motion to vacate. *Def.'s Mot. to Vacate Docket #29, #30, #31 Pursuant to Federal Rules of Civil Procedure 60(b)(1), 60(b)(4) and 60(b)(6) and for Judicial Notice Pursuant to Federal Rules of Evidence Rule 201 Judicial*

4

*Notice of Adjudicative Facts* (ECF No. 32). On March 25, 2022, the Court denied Mr. Richmond's March 24, 2022, motion to vacate. *Order* (ECF No. 33).

On April 6, 2022, Mr. Richmond filed an opposition to U.S. Bank's motion for default. *Def.'s Opp'n to Pl. Mot. for Entry of Default* (ECF No. 34). On April 8, 2022, Mr. Richmond appealed the Court's February 14, 2022, order denying his motion to extend time to file a pre-answer motion and filed a motion to proceed on appeal in forma pauperis. *Notice of Appeal* (ECF No. 35) (*Def.'s First Notice of Appeal*); *Def.'s Mot. for Permission to Appeal In Forma Pauperis* (ECF No. 36) (*Def.'s First Mot. for IFP*). That same day, U.S. Bank filed a motion for default judgment as to Mr. Richmond and CitiMortgage. *Pl.'s Mot. for Entry of Default J. as to Defs.* (ECF No. 37). Finally, on April 13, 2022, Mr. Richmond filed a second notice of interlocutory appeal, appealing the Court's March 9, 2022, order denying his motion to vacate the Court's February 14, 2022, and December 1, 2021, orders, and a second motion to proceed on appeal in forma pauperis. *Notice of Appeal* (ECF No. 40) (*Def.'s Second Notice of Appeal*); *Def.'s Mot. for Permission to Appeal in Forma Pauperis* (ECF No. 41) (*Def.'s Second Mot. for IFP*).

As of April 15, 2022, nearly nine months after U.S. Bank filed its Complaint and nearly seven months after U.S. Bank served Mr. Richmond, Mr. Richmond has still not filed an answer to U.S. Bank's Complaint.

## II. LEGAL STANDARDS

Federal Rule of Appellate Procedure 24(a)(1) provides that "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the

district court." FED. R. APP. P. 24(a)(1). To their motion, the "party must attach an affidavit that: (A) shows . . . the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." *Id.* 24(a)(1)(A)-(C). A party who meets this standard may proceed in forma pauperis on appeal unless "the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding." *Id.* 24(a)(3)(A).

"Good faith is demonstrated when an applicant seeks appellate review of any issue that is not frivolous." *United States v. Stile*, No. 1:11-cr-00185-JAW, 2013 U.S. Dist. LEXIS 64960, at *7 (D. Me. May 7, 2013) (quoting *In re Ravida*, 296 B.R. 278, 282 (1st Cir. 2003)); *see also Harris v. United States*, No. 12-cv-444-JL, 2021 U.S. Dist. LEXIS 94994, at *1-2 (D.N.H. Mar. 17, 2021) ("[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit" (quoting *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)). "An appeal is frivolous and is not taken in objective good faith if it lacks any rational, arguable basis in law or fact." *Harris*, 2021 U.S. Dist. LEXIS 94994, at *2 (citing *Santiago-Lugo v. United States*, 94 F. Supp. 3d 156, 158 (D.P.R. 2015)). The Court may dismiss Mr. Richmond's motion to proceed in forma pauperis "if [his] claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless." *Stile*, 2013 U.S. Dist. LEXIS 64960, at *8 (alteration in *Stile*) (quoting *Forte v. Sullivan*, 935 F.2d 1, 3 (1st Cir. 1991) (per curiam)).

6

### III. DISCUSSION

These interlocutory appeals arise from (1) the Court's February 14, 2022, denial of Mr. Richmond's motion to extend time to file a pre-answer motion to dismiss, and (2) the Court's March 9, 2022, denial of Mr. Richmond's motion to vacate the Court's orders denying his motion to extend time and his motion to strike portions of the Complaint.

### A. Eric Richmond's First Motion to Proceed In Forma Pauperis on Appeal

Turning to Mr. Richmond's first interlocutory appeal, in his motion to extend time, Mr. Richmond requested that the Court grant him an extension until June 1, 2022, to file his pre-answer motion to dismiss, so that he could review 20,000 bankruptcy documents. *Def.'s Mot. to Extend* at 2-3. Applying *Alternative Energy, Inc. v. St. Paul Fire & Marine Insurance Company*, 267 F.3d 30 (1st Cir. 2001), the Court concluded it would not be able to consider the documents Mr. Richmond sought extra time to review in deciding his contemplated pre-answer motion to dismiss because those documents were not included, referenced, or otherwise incorporated in the Complaint and did not meet any of the limited exceptions for considering documents extrinsic to the Complaint on a motion to dismiss under First Circuit law. *Order Denying Mot. to Extend* at 5.

The Court concluded that, because it would likely be unable to consider any of the 20,000 documents, Mr. Richmond did not have good cause for an extension of time

under Federal Rule of Civil Procedure 6(b)(1)(A).[2] Because Mr. Richmond still lacks good cause for his requested extension of time, and his request is supported by neither fact nor law, Mr. Richmond's appeal of the order denying the extension of time is frivolous and not made in good faith.

In addition, Mr. Richmond's interlocutory appeal runs afoul of the final judgment rule. "Generally speaking, appeals are permitted only from final judgments of the district court." *U.S. Fid. & Guar. Co. v. Arch Ins. Co.*, 578 F.3d 45, 54 (1st Cir. 2009) (quoting *Lee-Barnes v. Puerto Ven Quarry Corp.*, 513 F.3d 20, 25 (1st Cir. 2008)) (quotation marks and citation omitted). The final judgment rule "minimizes dilatory, piecemeal litigation, and promotes judicial efficiency." *Id.* (quoting *United States v. Kouri-Perez*, 187 F.3d 1, 5 (1st Cir. 1999)). Only a "limited set of district-court orders are reviewable though short of final judgment." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009)).

The United States Supreme Court explained that the orders within the narrow category of appealable interlocutory orders are "immediately appealable because they 'finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'" *Behrens v. Pelletier*, 516 U.S. 299, 305 (1996) (quoting *Cohen v.*

---

[2] The Court pointed out that its "conclusion does not foreclose Mr. Richmond from seeking to obtain documents from the New Century Combined bankruptcy and later presenting legal arguments based on his discovered documents in the form of a motion for summary judgment." *Order Denying Mot. to Extend* at 6. The Court's order only meant that Mr. Richmond must answer U.S. Bank's Complaint. *Id.*

*Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)). Mr. Richmond's concededly interlocutory appeal falls short of the standards for a permissible exception to the final judgment rule and therefore is procedurally frivolous apart from its merits.

Mr. Richmond is accordingly not entitled to proceed in forma pauperis on his appeal of the Court's February 14, 2022, order denying his motion to extend time to file a pre-answer motion. *See Def.'s First Notice of Appeal* at 1.

### B. Eric Richmond's Second Motion to Proceed In Forma Pauperis on Appeal

Mr. Richmond's second request to proceed in forma pauperis on appeal concerns the Court's March 9, 2022, order denying his March 2, 2022, motion to vacate the Court's denial of both his motion to extend time and his motion to strike portions of the complaint. In his March 2, 2022, motion to vacate, Mr. Richmond argued that U.S. Bank improperly served filings in the case at his Nobleboro, Maine, address and not his proper Saco, Maine, address, despite the fact that he identified his Saco, Maine, address as his primary address when he filed his Notice of Appearance. *Def.'s Mar. 2, 2022, Mot.* at 1-2. Accordingly, Mr. Richmond argued that U.S. Bank's failure to serve its opposition to his motion to strike portions of the Complaint (ECF No. 11), and opposition to his motion to extend (ECF No. 22) at the correct address deprived him of due process. *Id.* at 2; *id.*, Attach. 1, *Mem. of L. Prelim. Statement*, at 3-4. Mr. Richmond also contended that the Court erroneously deprived him of an opportunity to reply to U.S. Bank's opposition to the motion to strike because the Court treated the "additional attachments" filed on the docket on December 30, 2021 (ECF No. 24), as a reply when the document was actually post-

9

marked December 9, 2021, prior to U.S. Bank filing its opposition. *See Def.'s Second Notice of Appeal* at 2.

The Court denied Mr. Richmond's March 2, 2022, motion to vacate because Mr. Richmond's motion to extend time was meritless regardless of errors in his address and alleged docketing delays. *Order* (ECF No. 27). Furthermore, Mr. Richmond had failed to raise any arguments in his motion to vacate as to why the Court could consider any of the 20,000 documents he hoped to review pursuant to the *Alternative Energy* exceptions. Nor did Mr. Richmond address the Court's finding that a motion to strike was an improper vehicle to contest the validity of the mortgage assignment at issue in this case. *See Order on Mot. to Strike* at 4-5. Ultimately, the Court concluded that Mr. Richmond failed to meet his burden to show a mistake, inadvertence, misrepresentation, or any other reason justifying relief under Rule 60 of the Federal Rules of Civil Procedure. *Order* (ECF No. 27); *see* FED. R. CIV. P. 60(b)(1)-(6).

Moreover, as with his April 8, 2022, notice of appeal, Mr. Richmond's April 13, 2022, notice of appeal is, as he concedes, an interlocutory appeal. *Def.'s Second Notice of Appeal* at 2. Like his April 8, 2022, notice of appeal, his April 13, 2022, notice of appeal runs afoul of the final judgment rule for the same reasons the Court has discussed. Thus, like his April 8, 2022, notice of appeal, Mr. Richmond's April 13, 2022, notice of appeal falls short of the standards for a permissible exception to the final judgment rule and therefore is procedurally frivolous apart from its merits.

Because the Court concludes that Mr. Richmond's filings lack merit and have no rational basis in law or fact, Mr. Richmond's appeal is frivolous, and the Court concludes that it is not made in good faith. Mr. Richmond is accordingly not entitled to proceed in forma pauperis on his appeal of the Court's March 9, 2022, order denying his March 2, 2022, motion to vacate. *See Def.'s Second Notice of Appeal* at 1.

### IV.   CONCLUSION

Because the Court concludes that both of Mr. Richmond's interlocutory appeals are frivolous, the Court DENIES his motions to proceed on appeal in forma pauperis (ECF Nos. 36 & 41).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 26th day of April, 2022