UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST, SERIES NC 2005-HE8, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES NC 2005-HE8,<br><br>Plaintiff,<br><br>v.<br><br>ERIC RICHMOND, a/k/a ERIC H. RICHMOND<br><br>and<br><br>CITIMORTGAGE, INC., f/k/a CITIGROUP MORTGAGE, INC.<br><br>Defendants. | No. 2:21-cv-00208-JAW |

**ORDER DENYING DEFENDANT'S MOTION
TO PROCEED IN FORMA PAUPERIS ON APPEAL**

A defendant brings a motion to proceed in forma pauperis on his interlocutory appeal pursuant to Federal Rule of Appellate Procedure 24(a)(1) and 28 U.S.C. § 1915(a)(1). The Court denies the defendant's motion because the appeal is frivolous and untimely.

**I.     BACKGROUND**[1]

---

[1] This case has a lengthy procedural history. This is Mr. Richmond's third interlocutory appeal and third motion to proceed in forma pauperis on appeal. For a complete recitation of the relevant procedural history as it pertains to Mr. Richmond's interlocutory appeals, *see Am. Order Denying Def.'s Pending Mots. to Proceed In Forma Pauperis on Appeal* (ECF No. 56) (*First Order Denying Mots. for IFP*).

On March 14, 2022, Eric Richmond filed a motion to vacate the Court's March 9, 2022, order denying his previous motion to vacate filed March 2, 2022. *Def.'s Mot. to Vacate Docket #27 Pursuant to Federal Rules of Civil Procedure 60(b)(1), 60(b)(4) and 60(b)(6) and for Judicial Notice Pursuant to Federal Rules of Evidence Rule 201 Judicial Notice of Adjudicative Facts* (ECF No. 28). The Court denied Mr. Richmond's motion to vacate that same day. *Order Denying Mot. to Vacate* (ECF No. 29). On April 25, 2022, Mr. Richmond filed a notice of appeal, appealing the Court's March 14, 2022, order denying his motion to vacate, and a notice to proceed in forma pauperis on appeal. *Notice of Appeal* (ECF No. 50); *Def.'s Mot. for Permission to Appeal in Forma Pauperis* (ECF No. 51) (*Mot. for IFP*).

## II.   LEGAL STANDARDS

Federal Rule of Appellate Procedure 24(a)(1) provides that "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." FED. R. APP. P. 24(a)(1). To their motion, the "party must attach an affidavit that: (A) shows . . . the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." *Id.* 24(a)(1)(A)-(C). A party who meets this standard may proceed in forma pauperis on appeal unless "the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding." *Id.* 24(a)(3)(A).

"Good faith is demonstrated when an applicant seeks appellate review of any issue that is not frivolous." *United States v. Stile*, No. 1:11-cr-00185-JAW, 2013 U.S. Dist. LEXIS 64960, at *7 (D. Me. May 7, 2013) (quoting *In re Ravida*, 296 B.R. 278, 282 (1st Cir. 2003)); *see also Harris v. United States*, No. 12-cv-444-JL, 2021 U.S. Dist. LEXIS 94994, at *1-2 (D.N.H. Mar. 17, 2021) ("[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit" (quoting *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)). "An appeal is frivolous and is not taken in objective good faith if it lacks any rational, arguable basis in law or fact." *Harris*, 2021 U.S. Dist. LEXIS 94994, at *2 (citing *Santiago-Lugo v. United States*, 94 F. Supp. 3d 156, 158 (D.P.R. 2015)). The Court may dismiss Mr. Richmond's motion to proceed in forma pauperis "if [his] claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless." *Stile*, 2013 U.S. Dist. LEXIS 64960, at *8 (alteration in *Stile*) (quoting *Forte v. Sullivan*, 935 F.2d 1, 3 (1st Cir. 1991) (per curiam)).

### III. DISCUSSION

This interlocutory appeal arises from the Court's March 14, 2022, denial of Mr. Richmond's motion to vacate the Court's March 9, 2022, order. The Court denies Mr. Richmond's motion to proceed on appeal in forma pauperis because (1) Mr. Richmond has not appealed a final judgment of this Court; (2) if his appeal were proper, which it is not, it is untimely; and (3) there is no factual or legal basis for the requested relief.

### A.     The Final Judgment Rule

First, as the Court explained in its April 15, 2022, order denying Mr. Richmond's first two motions to proceed in forma pauperis on appeal, Mr. Richmond's interlocutory appeal runs afoul of the final judgment rule, which states that "appeals are permitted only from final judgments of the district court." *U.S. Fid. & Guar. Co. v. Arch Ins. Co.*, 578 F.3d 45, 54 (1st Cir. 2009) (quoting *Lee-Barnes v. Puerto Ven Quarry Corp.*, 513 F.3d 20, 25 (1st Cir. 2008)) (quotation marks and citation omitted). The Court noted in particular that the final judgment rule "minimizes dilatory, piecemeal litigation, and promotes judicial efficiency." *Id.* (quoting *United States v. Kouri-Perez*, 187 F.3d 1, 5 (1st Cir. 1999)).

In certain circumstances a "limited set of district-court orders are reviewable though short of final judgment." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009)). However, orders within the narrow category of appealable interlocutory orders are "immediately appealable because they 'finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'" *Behrens v. Pelletier*, 516 U.S. 299, 305 (1996) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)). As with Mr. Richmond's first two interlocutory appeals, this third interlocutory appeal fails to meet any of the permissible exceptions to the final judgment rule. Because Mr. Richmond's appeal is not of a final judgment, his appeal is frivolous.

### B.     Timeliness of Appeal

Second, assuming only for purposes of this issue that Mr. Richmond has the legal right to file an interlocutory appeal, his third interlocutory appeal is further procedurally deficient, and therefore frivolous, because it is untimely. Rule 4 of the Federal Rules of Appellate Procedure states that "in a civil case . . . the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." FED. R. APP. P. 4(a)(1)(A). However, the Court "may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." FED. R. APP. P. 4(a)(5)(A)(i)-(ii). If a party fails to file a notice of appeal within the 30 days prescribed by Rule 4 and fails to seek an extension of time pursuant to Rule 4, the appeal is untimely. *Bond v. Dunlap*, No. 20-1971, 2020 U.S. App. LEXIS 41967, at *1 (1st Cir. Oct. 27, 2020).

Here, Mr. Richmond's appeal of the Court's March 14, 2022, order is untimely. Thirty days after March 14, 2022, is April 13, 2022, and therefore Mr. Richmond's 30-day window in which to file a notice of appeal or seek an extension lapsed on April 13, 2022. Mr. Richmond filed his appeal on April 25, 2022, beyond the permissible appeal period. Because Mr. Richmond failed to comply with the Rule 4 timing requirements, his appeal is procedurally defective and therefore frivolous.

### C.    The Merits of the Appeal

Finally, even if Mr. Richmond's interlocutory appeal were not procedurally flawed, he may not proceed in forma pauperis on appeal because the appeal itself is factually and legally frivolous. Mr. Richmond appeals the Court's March 14, 2022, order, in which the Court declined to vacate its prior denial of his motion to vacate on March 9, 2022. In other words, Mr. Richmond is appealing a denial of a motion to vacate a previous denial of a motion to vacate.

In Mr. Richmond's March 14, 2022, motion to vacate he reiterates arguments made in his prior motions to vacate, namely that he was deprived of due process and the Court failed to take judicial notice of certain facts. *Notice of Appeal* at 1-2. The Court denied Mr. Richmond's motion to vacate because he simply repeated his previous arguments already resolved by the Court, and further failed to meet his burden to show a mistake, inadvertence, misrepresentation, or any other reason justifying relief under Rule 60 of the Federal Rules of Civil Procedure. *Order* (ECF No. 27); *see* FED. R. CIV. P. 60(b)(1)-(6). Moreover, nothing Mr. Richmond filed convinces the Court that it erred in its March 9, 2022, order so there is no good reason to vacate a proper order.

Because the Court concludes that Mr. Richmond's filing lacks merit and has no rational, arguable basis in law or fact, Mr. Richmond's appeal is frivolous, and the Court concludes that it is not made in good faith. Mr. Richmond is accordingly not entitled to proceed in forma pauperis on his appeal of the Court's March 14, 2022, order denying his motion to vacate.

## IV. CONCLUSION

Because the Court concludes that Mr. Richmond's interlocutory appeal is frivolous, the Court DENIES his motion to proceed on appeal in forma pauperis (ECF No. 51).

SO ORDERED.

                                                                                            /s/ John A. Woodcock, Jr.
                                                                                            JOHN A. WOODCOCK, JR.
                                                                                            UNITED STATES DISTRICT JUDGE

Dated this 26th day of April, 2022