UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST, SERIES NC 2005-HE8, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES NC 2005-HE8,<br><br>        Plaintiff,<br><br>        v.<br><br>ERIC RICHMOND, a/k/a ERIC H. RICHMOND<br><br>        and<br><br>CITIMORTGAGE, INC., f/k/a CITIGROUP MORTGAGE, INC.<br><br>        Defendants. | No. 2:21-cv-00208-JAW |

**ORDER ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND DEFENDANT'S MOTION FOR JUDICIAL NOTICE**

In an effort to maintain an up-to-date docket, the Court resolves two motions that have been pending for a while. The first is the Plaintiff's Motion for Default Judgment as to Defendants and the second Defendant Eric Richmond's Motion for Judicial Notice. *Pl.'s Mot. for Default J. as to Defs.* (ECF No. 37) (*Pl.'s Mot.*); *Def.'s Mot. for Judicial Notice Pursuant to Fed. R. Evid. R. 201 Judicial Notice of Adjudicative Facts and to Vacate Docket # 33; Order denying Mot. to Vacate by Judge John A. Woodcock, Jr. (tcs) Pursuant to Fed. R. of Civ. P. 60(b)(1) and 60(b)(4)* (ECF No. 49) (*Def.'s Mot.*).

I.  **Plaintiff's Motion for Default Judgment**

The Plaintiff filed its motion for default judgment on April 8, 2022. *Pl.'s Mot.* at 1-4. Just before and just after this filing, Mr. Richmond filed three notices of appeal. *Interlocutory Appeal* (ECF No. 35); *Interlocutory Appeal* (ECF No. 40); *Interlocutory Appeal* (ECF No. 50). With the filing of these notices of appeal, the Court was divested of its jurisdiction over the case, and the Court could not act on the Plaintiff's motion in this case because "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control of those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *OfficeMax Inc. v. Cty. Qwik Print, Inc.*, No. 10-cv-00110-JAW, 2011 U.S. Dist. LEXIS 44062, at *3 (D. Me. Apr. 25, 2011) (quoting *Bradford-Scott Data Corp. v. Physician Computer Network*, 128 F.3d 504, 505 (7th Cir. 1997)).

On September 29, 2022, the Court of Appeals for the First Circuit dismissed each of Mr. Richmond's interlocutory appeals. *J.* (ECF No. 61); *J.* (ECF No. 62); *J.* (ECF No. 63). On October 21, 2022, the Court of Appeals issued its mandates in each matter, restoring jurisdiction to this Court. *Mandate* (ECF No. 64); *Mandate* (ECF No. 65); *Mandate* (ECF No. 66).

The filing of the three appeals and this Court's temporary lack of jurisdiction caused the Court to lose track of the April 8, 2022 motion for default. However, on January 5, 2023, the Court addressed a second Plaintiff's motion for default, this one

2

filed on January 3, 2023. *Order on Pl.'s Mot. for Entry of Default as to Eric Richmond, a/k/a Eric H. Richmond* (ECF No. 77). In its January 5, 2023 order, the Court observed that "whatever else may be said, there is no question but that Mr. Richmond has 'demonstrated a clear purpose to defend the suit.'" *Id.* at 5 (quoting *Key Bank v. Tablecloth Textile Co.*, 74 F.3d 349, 353 (1st Cir. 1996)) (citation omitted). For the same reason, the Court DISMISSES without prejudice Plaintiff's Motion for Default Judgment as to Defendants. (ECF No. 37).[1]

## II. Defendant's Motion for Judicial Notice

As noted, Mr. Richmond filed his motion for judicial notice on April 22, 2022, when he had filed three interlocutory appeals, and consistent with the Court's earlier observation, the Court was unable to act on his motion because it did not have jurisdiction. Soon after October 21, 2022, when the First Circuit returned jurisdiction to this Court, the Court issued an order, addressing among other things the status of Mr. Richmond's motion for judicial notice. *Status Order, Order to Resp. to Mot. for Judicial Notice, and Order to Answer Compl.* (ECF No. 67). Regarding the motion for judicial notice, the Court ordered the Plaintiff to respond to the motion within twenty-one days and ordered Mr. Richmond to file his reply within fourteen days of the Plaintiff's response. *Id.* at 2.

---

[1]  CitiMortgage, Inc., also a defendant, was served on August 5, 2021, *Summons in a Civil Action* (ECF No. 5), and on September 24, 2021, U.S. Bank filed a motion for entry of default against CitiMortgage. *Mot. for Entry of Default* (ECF No. 7). The Clerk entered default against CitiMortgage the same day. *Order Granting Mot. for Entry of Default* (ECF No. 8). Although U.S. Bank might be entitled to a default judgment against CitiMortgage, the Court dismissed the motion as a whole because it was not certain that U.S. Bank would want a default judgment against CitiMortgage in the absence of a simultaneous judgment against Mr. Richmond. The Court dismissed the motion without prejudice and U.S. Bank may elect to refile a motion for default judgment against CitiMortgage if it wishes to do so.

On November 14, 2022, the Plaintiff filed a response to Mr. Richmond's motion and requested a "*Cok*" warning. *Opp'n to Def.'s Mot. for Judicial Notice and Req. for a "Cok" Warning* (ECF No. 68). On December 5, 2022, Mr. Richmond filed a reply to the Plaintiff's response. *Mem. of Law in Further Support of Mot. for Judicial Notice and in Opp'n to Mot. for Cok Order* (ECF No. 72).

Mr. Richmond's April 22, 2022 motion harkens back to the Court's denial of his March 14 and March 24, 2022 motions. On March 14, 2022, Mr. Richmond filed a motion containing among other things a motion for the Court to take judicial notice of adjudicative facts pursuant to Federal Rule of Evidence 201. *Def.'s Mot. to Vacate Docket # 27 Pursuant to Fed. R. of Civ. P. 60(b)(1), 60(b)(4) and 60(b)(6) and for Judicial Notice Pursuant to Fed. R. of Evid. R. 201 Judicial Notice of Adjudicative Facts* (ECF No. 28). In this motion, Mr. Richmond directed the Court to take judicial notice "that the Plaintiff failed to serve Defendant Dockets # 19 and # 23 at the addressed listed in DOCKET # 12 (Notice of Appearance) and that the Court was mistaken to find Movant ever alleged that DOCKET # 24 was postmarked December 9, 2021 and that DOCKET # 24 was postmarked December 8, 2021, and any other such relief this court deems just and proper." *Id.* at 2.

U.S. Bank's filing at docket number 19 was its response to Mr. Richmond's motion to strike portions of the complaint and its filing at docket number 23 was its response to his motion to extend time to file a pre-answer motion to dismiss. *See Opp'n to Mot. to Strike* (ECF No. 19); *Pl.'s Opp'n to Def.'s Mot. for Extension of Time*

4

*to File Pre-Answer Mot. to Dismiss* (ECF No. 23).[2] On March 14, 2022, the Court quickly denied the motion. *Order Denying Mot. to Vacate* (ECF No. 29).

Then on March 24, 2022, Mr. Richmond filed another motion demanding that the Court take judicial notice and vacate its order of March 14, 2022. *Def.'s Mot. to Vacate Docket # 29, # 30, # 31 Pursuant to Fed. R. of Civ. P. 60(b)(1), 60(b)(4) and 60(b)(6) and for Judicial Notice Pursuant to Fed. R. of Evid. R. 201 Judicial Notice of Adjudicative Facts* (ECF No. 32). Mr. Richmond moved the Court to take judicial notice of the following facts: (1) the Plaintiff failed to serve Defendant Dockets # 19 and # 23 at the address listed in Docket # 12 (Notice of Appearance); (2) the Court was mistaken to find Movant ever alleged that Docket # 24 was postmarked

---

[2]  When U.S. Bank initiated its lawsuit, it alleged that Mr. Richmond was then a resident of Brooklyn, New York. *Compl.* ¶ 5 (ECF No. 1). U.S. Bank had sent its right to cure letters to Mr. Richmond at three addresses: Fourth Avenue in Brooklyn, New York, 66 Back Meadow Road in Nobleboro, Maine, which is the property subject to the mortgage, and a post office box in Nobleboro. *Id.* Attach. 5, *Notice of Mortgagor's Right to Cure (Apr. 26, 2021).* U.S. Bank served Mr. Richmond with a copy of the Complaint and a summons on September 13, 2021 by leaving the documents with Corey Richard, a person who was at 66 Back Meadow Road in Nobleboro. *Summons in a Civil Action* (ECF No. 6). When Mr. Richmond made his first filing in this case and when he entered his appearance in this case, he listed his address as 5 Elmwood Drive, Saco, Maine. *Def.'s Mot. to Strike Portions of the Compl. Pursuant to FRCP 12(F)* at 2 (ECF No. 11); *Notice of Pro Se Appearance* at 1 (ECF No. 12) ("My Street Address/Mailing Address is: 5 Elmwood Drive, Saco, Maine"). Mr. Richmond continued to use the Saco address until November 14, 2022, when he moved to 66 Back Meadow Road in Nobleboro. *Notice of Change of Address* (ECF No. 69).
  When U.S. Bank filed its responses to Mr. Richmond's motion to strike and his motion to extend time, it sent its responses to his addresses in Brooklyn and Nobleboro, not his address in Saco. *Opp'n to Mot. to Strike* at 10 (ECF No. 19); *Pl.'s Opp'n to Def.'s Mot. for Extension of Time to File Pre-Answer Mot. to Dismiss* at 3 (ECF No. 23). This was U.S. Bank's mistake. U.S. Bank corrected its mistake beginning March 15, 2022, when it filed its motion for entry of default and it has continued to send its filings to the correct address since then, including his current address at 66 Back Meadow Road. *See Pl.'s Mot. for Entry of Default as to Def.* at 3 (ECF No. 30); *Pl.'s Mot for Entry of Default as to Eric Richmond, a/k/a Ric H. Richmond a*t 4 (ECF No. 76).
  The Court documented U.S. Bank's error in its order dated March 22, 2022, addressing Mr. Richmond's motion to vacate its orders. *Order Denying Mot. to Vacate* (ECF No. 27). It noted, as it does here, that Mr. Richmond's motions were without merit and that U.S. Bank's errors made no difference in the Court's rulings. *Id.* To mitigate whatever lack of notice Mr. Richmond was claiming, the Court allowed him an extra seven days to file an answer to U.S. Bank's Complaint, an answer Mr. Richmond still has not filed.

December 9, 2021; and (3) that USPS proof of service shows that Docket # 24 was delivered to the District Court on December 9, 2021. *Id.* at 1-2. On March 25, 2022, the Court denied Mr. Richmond's second motion to take judicial notice. *Order Denying Mot. to Vacate* (ECF No. 33).

Then on April 22, 2022, Mr. Richmond filed a third motion demanding that the Court take judicial notice. *Def.'s Mot.* at 1-2. In this motion, Mr. Richmond states that Federal Rule of Evidence 201 "command[s]" the Court to take judicial notice, that the Court "ignored the statute," and "[t]hus the battle lines are drawn." *Id., Attach. 1, Mem. of Law* at 1. He sees his right to judicial notice as a right to due process of law and claims that the Court's failure to take judicial notice as demanded strips the Court of its authority to rule. *Id.*

The Court again denies Mr. Richmond's motion for it to take judicial notice of his asserted facts. First, the Federal Rules of Evidence are not rules in a vacuum. They address the admissibility of evidence in a proceeding. FED. R. EVID. 101 ("These rules apply to proceedings in United States courts"). For Mr. Richmond to demand that the Court take judicial notice of facts untethered to a proceeding is to ask for an advisory ruling, which the Court may not and will not do under Article III of the United States Constitution. U.S. CONST. art. III, § 2, cl. 1 (actual case or controversy requirement); *In re Fin. Oversight & Mgmt. Bd.*, 995 F.3d 18, 21 (1st Cir. 2021).

Second, Mr. Richmond claims that facts about where he was served, when he was served, and whether the Court was mistaken about his service are relevant and material to an issue before the Court. They are not. The Court has already explained

6

this twice to Mr. Richmond in its November 1, 2021 and March 22, 2022 orders. *Order on Mot. for Relief from J.* at 4 (ECF No. 17); *Order Denying Mot. to Vacate* (ECF No. 27). On October 5, 2021, Mr. Richmond entered a general appearance before this Court, *Notice of Pro Se Appearance* (ECF No. 12), and to the Court's knowledge, there is no relevance at all to when and where he was served.

Moreover, whether the Plaintiff properly served Mr. Richmond at the address listed in his entry of appearance is not of any moment. On October 5, 2021, Mr. Richmond filed a motion to strike portions of the Plaintiff's Complaint, *Def.'s Mot. to Strike Portions of Compl. Pursuant to FRCP 12(F)* (ECF No. 11) and on December 17, 2021, Mr. Richmond filed a motion for extension of time to file pre-answer motion to dismiss. *Def.'s Mot. for Extension of Time to File Pre-Answer Mot. to Dismiss Pursuant to Fed. R. of Civ. P. 6(b)(1)(A)* (ECF No. 22). Mr. Richmond complains that the Plaintiff failed to serve him with copies of its responses. *Def.'s Mot.* at 1-2. It is true that Mr. Richmond did not file replies in either motion to U.S. Bank's responses, and it may be that he did not do so because he did not receive the responses at his then current address in Saco, Maine.

Be that as it may, for the reasons the Court explained in its orders, Mr. Richmond's motion to strike and his motion for extension were without merit. *Order on Mot. to Strike Portions of the Compl.* (ECF No. 21) (*Strike Order*); *Order Denying Def.'s Mot. to Extend Time to File a Pre-Answer Mot. to Dismiss* (ECF No. 25) (*Extension Order*). In its order on the motion to strike, the Court observed that a motion to strike was not the correct procedural vehicle to challenge U.S. Bank's

standing to bring the foreclosure action. *Strike Order* at 1. In its extension order, the Court concluded that his request for discovery before filing a motion to dismiss was not proper. *Extension Order* at 1-6. Mr. Richmond's assertion that U.S. Bank sent its responses to the wrong address made no possible difference in either ruling, because the rulings were compelled as a matter of law. As the facts on which Mr. Richmond demands that this Court take judicial notice are neither relevant nor material to any issue now properly before the Court, the Court will not take judicial notice of them. FED. R. EVID. 403.

Finally, even though a court may take judicial notice of its own records, *Lussier v. Runyon*, 50 F.3d 1103, 1114 n.14 (1st Cir. 1995), the circumstances of where the Plaintiff served its responses to these motions is not the type of adjudicative fact susceptible to judicial notice because these factual issues were disputed. *Rivera-Torres v. Ortiz Velez*, 341 F.3d 86, 101 (1st Cir. 2003); *Lussier*, 50 F.3d at 1105-06. Similarly, whether the Court was mistaken is not an adjudicative fact that the Court will take judicial notice of.

In sum, there is no proper basis for Mr. Richmond to demand that the Court take judicial notice under Federal Rule of Evidence 201 of adjudicative facts and no proper basis for the Court to do so.

### III.   CONCLUSION

The Court DISMISSES without prejudice Plaintiff's Motion for Default Judgment as to Defendants (ECF No. 37) and Defendant's Motion for Judicial Notice Pursuant to Federal Rule Evidence Rule 201 Judicial Notice of Adjudicative Facts

8

and to Vacate Docket # 33; Order denying Mot. to Vacate by Judge John A. Woodcock, Jr. Pursuant to Federal Rule of Civil Procedure 60(b)(1) and 60(b)(4) (ECF No. 49).

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 1st day of February, 2023