UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST, SERIES NC 2005-HE8, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES NC 2005-HE8,<br><br>    Plaintiff,<br><br>    v.<br><br>ERIC RICHMOND, a/k/a ERIC H. RICHMOND<br><br>    and<br><br>CITIMORTGAGE, INC., f/k/a CITIGROUP MORTGAGE, INC.<br><br>    Defendants. | No. 2:21-cv-00208-JAW |

**ORDER ON MOTION TO DISMISS AND ORDER TO ANSWER COMPLAINT**

The Court rejects a defendant's motion to dismiss a foreclosure complaint because it raises issues the Court previously addressed and rejected. The Court also rejects a defendant's accusations of bias and fraud upon the court. Given the defendant's failure or refusal to file an answer to the complaint after over eighteen months and in defiance of repeated orders to do so, the Court orders him to file an answer within seven days or subject himself to sanctions but determines that the defendant is not yet properly the subject of a warning about filing restrictions.

## I. BACKGROUND

On July 29, 2021, U.S. Bank National Association, as trustee, on behalf of the holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2005-HE8, Asset Backed Pass-Through Certificates, Series NC 2005-HE8 (U.S. Bank) filed a foreclosure complaint against Eric Richmond, a/k/a Eric H. Richmond and CitiMortgage, Inc., f/k/a Citicorp Mortgage, Inc., claiming that Mr. Richmond had borrowed $198,000.00 from U.S. Bank on August 5, 2005 and that the U.S. Bank loan was secured by a residential mortgage on property located at 66 Back Meadow Road, Nobleboro, Maine. *Compl.* (ECF No. 1). U.S. Bank alleged that Mr. Richmond had failed to pay the loan according to its terms and it sought to foreclose his Nobleboro property. *Id.*

Despite numerous orders requiring Mr. Richmond to file an answer to the complaint so that the case can proceed, he has failed or refused to do so; instead, he has filed sixteen pre-answer motions and three interlocutory appeals. *Def.'s Mot. to Strike Portions of the Compl. Pursuant to FRCP 12(F)* (ECF No. 11) (*Def.'s Mot. to Strike*); *Def.'s Mot. for Relief from J. Pursuant to Fed. R. of Civ. P. 59(e)* (ECF No. 14); *Def.'s Mot. for Relief from J. Pursuant to Fed. R. of Civ. P. 59(e) and for Judicial Notice Pursuant to Fed. R. Evid. 201* (ECF No. 16) (*Second Mot. for Relief from J.*); *Def.'s Mot. for Relief from J. Pursuant to Fed. R. of Civ. P. 60(1), 60(4), 60(5), 60(6)* (ECF No. 18); *Def.'s Mot. for Extension of Time to File Pre-Answer Mot. to Dismiss Pursuant to [the] Fed. R. of Civ. P. 6(b)(1)(A)* (ECF No. 22) (*Def.'s Mot. for Extension*); *Def.'s Mot. to Vacate Docket # 21 and Docket # 25 Pursuant to Fed. R. Civ. P. 60(b)(4), 60(b)(5)*

*and 60(b)(6) and for Judicial Notice Pursuant to Fed. R. of Evid. Rule 201 Judicial Notice of Adjudicative Facts that Dec. 8, comes before Dec. 20, 2021* (ECF No. 26) (*Def.'s Mot. to Vacate*); *Def.'s Mot. to Vacate Docket # 27 Pursuant to Fed. R. Civ. P. 60(b)(1), 60(b)(4) and 60(b)(6) and for Judicial Notice Pursuant to Fed. R. of Evid. Rule 201 Judicial Notice of Adjudicative Facts* (ECF No. 28) (*Def.'s Second Mot. to Vacate*)*; Def.'s Mot. to Vacate Docket # 29, #31, and Docket # 31 Pursuant to Fed. R. Civ. P. 60(b)(1), 60(b)(4) and 60(b)(6) and for Judicial Notice Pursuant to Fed. R. of Evid. Rule 201 Judicial Notice of Adjudicative Facts* (ECF No. 32) (*Def.'s Third Mot. to Vacate*); *Def.'s Mot for Permission to Appeal In Forma Pauperis* (ECF No. 36); *Def.'s Mot. for Permission to Appeal in Forma Pauperis* (ECF No. 41); *Def.'s Mot. for Judicial Notice Pursuant to Fed. R. of Evid. R. 201 Judicial Notice of Adjudicative Facts and to Vacate Docket # 33 Order denying 32 Mot. to Vacate by Judge John A. Woodcock, Jr. Pursuant to Fed. R. of Civ. P. 60(b)(1) and 60(b)(4)* (ECF No. 49) (*Mot. for Judicial Notice*); *Def.'s Mot. for Permission to Appeal In Forma Pauperis* (ECF No. 51); *Def.'s Mot. for Extra Time Pursuant to Fed. R. of Civ. P. 6(b)(1)(a)* (ECF No. 70); *Def.'s Pre-Answer Mot. For a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e)* (ECF No. 73); *Mot. for Def.'s Mot. to Dismiss Compl. for Failure to Join Necessary Parties Pursuant to Fed. R. of Civ. P. 12(b)[(7)]* (ECF No. 75) (*Dec. 19, 2022 Mot.*); *Def.'s Mot. to Dismiss Compl. for Failure [to] State a Cl. Upon Which Relief Can Be Granted Pursuant to FRCP 12(b)(6) and to Dismiss Compl. for Failure to Join Necessary Parties Pursuant to FRCP 12(b)(7) and Judicial Notice of Facts not Subject to Reasonable Dispute Pursuant to Fed. R. of Evid. 201 and for Vacat[]ur of Dismissal*

3

of Mot. to Dismiss Pursuant to FRCP 60(d)[(30]* (ECF No. 78) (*Def.'s Mot.*); *Def.'s Mot. For Extra Time Pursuant to Fed. R. Civ. P. 60(b)(1)(a)* (ECF No. 84).

U.S. Bank served Mr. Richmond on September 13, 2021. *Summons Returned Executed* (ECF No. 6). By court rule, Mr. Richmond's answer was due by October 4, 2021. FED. R. CIV. P. 12(a)(1)(A)(i). Even though the case has been pending for over eighteen months, Mr. Richmond simply will not file an answer, despite repeated court orders requiring him to do so. *Order Denying Def.'s Mot. to Extend Time to File a Pre-Answer Mot. to Dismiss* at 6 (ECF No. 25) ("The Court . . . ORDERS Mr. Richmond to answer the Complaint within twenty-one days of the date of this order") (*Order on Mot. to Extend*); *Order* (ECF No. 27) ("[T]he Court sua sponte GRANTS Eric Richmond one additional week within which me must file his answer to U.S. Bank's Complaint"); *Interim Order on Mot. for Judicial Notice and Ct.'s Reminder to Def. that He Must File an Answer to the Compl.* at 4 (ECF No. 54) ("[T]he Court is placing him on notice that he must answer the Complaint as soon as possible to avoid being held to waive his right to present his defenses"); *Status Order, Order to Resp. to Mot. for Judicial Notice, and Order to Answer Compl.* at 3 (ECF No. 67) ("The requirement that a defendant file an answer is not a mere formality. It allows a plaintiff to know what is and is not in dispute. It also triggers the issuance of a scheduling order so that the case can proceed to discovery, dispositive motion, and trial. Mr. Richmond's failure or refusal to file an answer is unacceptable and may have serious consequences for him. In light of Mr. Richmond's history of noncompliance, the Court again warns Mr. Richmond that if he fails to file an answer to U.S. Bank's complaint

4

in the next twenty-one days, the Court will proceed on U.S. Bank's motion for default judgment (ECF No. 37) and Mr. Richmond may well be defaulted in this matter"); *Order* (ECF No. 71) ("The Court GRANTS the Defendant's motion to extend the time within which to answer to December 5, 2022 (ECF No. 70); however, the Court warns Mr. Richmond that this extension is the last extension of time within which he must answer the Plaintiff's Complaint . . . If Mr. Richmond does not file an answer by December 5, 2022, he will be subject to default"); *Order* (ECF No. 74) ("As Mr. Richmond's answer is due today and instead of filing his answer, he filed a motion, the Court will extend the time for the filing of his answer to December 12, 2022 to allow him to receive this order and file his answer"); *Order on Pl.'s Mot. for Entry of Default as to Eric Richmond, a/k/a Eric H. Richmond* at 5 (ECF No. 77) ("The Court . . . ORDERS Eric Richmond to file an answer to the Complaint within seven days of the date of this Order") (*Order on Default*).

The latest order to answer was on January 5, 2023, requiring Mr. Richmond to file an answer by January 12, 2023. *Order on Default* at 5. But Mr. Richmond did not file an answer within the allotted time and instead on January 18, 2023, he filed yet another pre-answer motion. *Def.'s Mot.* at 1-3. In this Order, the Court addresses Mr. Richmond's latest pre-answer motion.

## II.     THE PARTIES' POSITIONS

### A.     The Defendant's Motion

In Mr. Richmond's January 18, 2023 motion, he moves (1) to dismiss the complaint for failure to state a claim upon which relief can be granted, (2) to dismiss

5

the complaint for failure to join a necessary party, (3) for judicial notice, and (4) for relief from judgment. *Def.'s Mot.* at 1. Mr. Richmond begins his motions by accusing the Court of being "biased . . . as an advocate for the Plaintiffs" and then asserts that the Court committed "a fraud upon the court." *Id.* at 2. Mr. Richmond complains that the Court dismissed his December 19, 2022 motion before U.S. Bank answered it. *Id.* He demands that the Court take judicial notice that this Court dismissal of his December 19, 2022 motion addressed "something outside the complaint and NEVER raised by DEFENDANT, the servability of necessary parties." *Id.* (emphasis in original).

Mr. Richmond next claims that under Maine law, a foreclosure complaint "must certify (swear) to proof of ownership of the Mortgage Note in order to state a claim for foreclosure upon which relief can be granted." *Id.* Saying that the complaint does not comply with Maine law, Mr. Richmond says it must be dismissed. *Id.*

Mr. Richmond then points to his claim that U.S. Bank failed to implead a necessary party and he writes that his claim "MUST BE CONTESTED BY THE PLAINTIFFS themselves, not by the court." *Id.* Mr. Richmond explains that, in his view, CITIMORTAGE INC. has been "paid off by New CENTURY MORTGAGE CORP" and has "defaulted in this case as it had been paid off in full." *Id.* (emphasis in original). Mr. Richmond also mentions New Century Mortgage Corp.'s bankruptcy and his position that its remaining assets were transferred to a liquidating entity. *Id.* Mr. Richmond claims that absent joinder of New Century Mortgage Corp. and

6

the liquidating entity, Mr. Richmond would be "irretrievable negatively prejudiced." *Id.* at 3.

B.  **U.S. Bank's Response**

On February 8, 2023, U.S. Bank filed its opposition and reiterated its request that the Court issue a so-called *Cok* order. *Opp'n to Mot. to Dismiss and Renewed Req. for a So-Called "Cok" Order and Other Sanctions* (ECF No. 80). U.S. Bank urges the Court to reject Mr. Richmond's newest motion because "it reiterates already rejected arguments and baseless attacks this Court." *Id.* at 2. U.S. Bank refers to multiple orders that sanctioned Mr. Richmond for frivolous filings. *Id.* at 3-4. U.S. Bank then addressed each of the issues raised by Mr. Richmond. *Id.* at 2-10.

C.  **Eric Richmond's Reply**

On May 5, 2023, Mr. Richmond filed a document titled "Defendant's Memorandum of Law in Further Support of Defendant's Motion to Strike Complaint for Failure to State a Claim." *Def.'s Mem. of Law in Further Support of Def.'s Mot. to Strike Compl. for Failure to State a Cl.* (ECF No. 87) (*Def.'s Reply*).[1] Phrased in colorful language, Mr. Richmond does not cite any caselaw and generally disparages U.S. Bank's position. *Id.* at 1-5.

III.  **DISCUSSION**

A.  **The Charge of Bias**

---

[1] Given its reference to his motion to strike complaint, the Clerk's Office docketed this memorandum as a further memorandum to his October 5, 2021 motion to strike, which the Court addressed on December 1, 2021. *See Def.'s Mot. to Strike Portions of the Compl. Pursuant to FRCP 12(f)* (ECF No. 11); *Order on Mot. to Strike Portions of the Compl.* (ECF No. 21). However, reviewing the contents of his May 5, 2023 memorandum, the Court considers his May 5, 2023 memorandum as a reply to the U.S. Bank's response to his motion to dismiss.

Mr. Richmond's major complaint is that the Court did not wait for U.S. Bank to oppose his December 19, 2022 motion. In fact, Mr. Richmond accuses the Court of bias in doing so, and he claims that the Court could not have acted on his motion before U.S. Bank opposed it, and that in doing so, the Court acted as an advocate for U.S. Bank. He is wrong.

The Court previously addressed each of Mr. Richmond's December 19, 2022 arguments and rejected them. Thus, because the Plaintiff previously contested the issues in Mr. Richmond's December 22, 2022 motion to dismiss and already resolved against him by the Court, there was no need for the Plaintiff to contest them again. Instead, the Court only reiterated its earlier orders.

Furthermore, Mr. Richmond's December 19, 2022 motion to dismiss was his fourteenth pre-answer motion, and he had still not answered the Plaintiff's complaint despite multiple court orders for him to do so. To wait for the Plaintiff to respond to the December 19, 2022 motion and for Mr. Richmond's reply would only have unnecessarily delayed the Court's resolution of a motion the merits of which the Court had previously ruled on. To do so would only have further delayed a case that had been repeatedly delayed by Mr. Richmond's refusal to file an answer to the complaint.

From the outset of this case, Mr. Richmond has taken the strong position that U.S. Bank's foreclosure may not proceed because of the New Century bankruptcy. On October 5, 2021, Mr. Richmond filed a motion to strike portions of U.S. Bank's foreclosure complaint on the ground that U.S. Bank had received an assignment of this mortgage from New Century Mortgage Corp. and its liquidating entity, and the

bankruptcy trustee for the liquidating agency had transferred all New Century's assets to the liquidating trustee. *Def.'s Mot. to Strike* at 1-2. Therefore, in Mr. Richmond's view, there was nothing for New Century to assign to U.S. Bank. *Id.* On December 21, 2021, the Court addressed Mr. Richmond's New Century theory and ruled against him. *Order on Mot. to Strike Portions of the Compl.* at 1-5 (ECF No. 21). The Court noted that U.S. Bank would be required to demonstrate its standing to proceed with the foreclosure and therefore a motion to strike was not appropriate. *Id.* at 5.

Then, on December 17, 2021, Mr. Richmond filed another motion raising the New Century bankruptcy, this time a motion to extend the time within which to file a pre-answer motion to dismiss, asking until June 1, 2022 to allow him to review 1,300 pages of the New Century bankruptcy. *Def.'s Mot. for Extension* at 1-7. On February 14, 2022, the Court denied the motion because Mr. Richmond's proposed discovery of the New Century bankruptcy was not a valid reason to delay the filing of an answer and the initiation of a discovery period, and the Court could not consider his New Century issues under a motion to dismiss. *Order Denying Mot. for Extension* at 1-7.

Mr. Richmond's December 19, 2022 motion reiterated his October 5, 2021 motion to strike and his December 17, 2021 motion for extension just under a different caption. Mr. Richmond's December 19, 2021 motion again pressed his view that the New Century bankruptcy somehow barred U.S. Bank's foreclosure

9

complaint. But, there was no need for the Court to wait for a response from U.S. Bank for the Court to repeat its earlier orders.[2]

### B. The Certification Requirement

As regards Mr. Richmond's proposition that the Maine foreclosure statute mandates that the mortgagee certify proof of ownership of the mortgage note under 14 M.R.S. § 6321, the Maine Supreme Judicial Court has ruled that this statutory language does not mandate that a foreclosure complaint contain such a certification. *U.S. Bank, Nat'l Ass'n v. Thomes*, 2013 ME 60, ¶ 9, 69 A.3d 411. Instead, the Maine Law Court wrote that "the phrase 'certify proof of ownership of the mortgage note' requires only that a foreclosure plaintiff identify the owner or economic beneficiary and, if it is not itself the owner, to prove that it has power to enforce the note." *Id.* (quoting *Bank of America, N.A. v. Cloutier*, 2013 ME 17, ¶ 21, 61 A.3d 1242. "The bank's initial burden was not to prove it owned the note, but rather to identify the owner or economic beneficiary of the note.") *Id.* at 2013 ME 60, ¶ 9.

Mr. Richmond is extraordinarily dismissive of the Maine Supreme Judicial Court's ruling, calling it "judicial legislation," "jabberwocky," saying that when he was a fifth grader, he knew the difference between certifying something and listing or stating something, and claiming that U.S. Bank has certified "diddly-squat." *Def.'s*

---

[2] Mr. Richmond asserts that the Court's early action on his motion without waiting for U.S. Bank to answer reveals a bias in favor of U.S. Bank. Mr. Richmond ignores the fact that the Court dismissed U.S. Bank's January 3, 2023 motion for entry of default against him before he responded. *See Pl.'s Mot. for Entry of Default as to Eric Richmond a/k/a Eric H. Richmond* (ECF No. 76). On January 5, 2023, the Court dismissed U.S. Bank's motion for default as non-meritorious. *Order on Pl.'s Mot. for Entry of Default as to Eric Richmond, a/k/a Eric H. Richmond* (ECF No. 77). The Court does not need to wait to act on a non-meritorious or repetitious motion, whether filed by Mr. Richmond or U.S. Bank.

10

*Reply* at 1-3.  Mr. Richmond is entitled to his opinions, but as a federal court, except in unusual circumstances not present here, this Court must apply to state statutes the interpretations of the law handed down by the state supreme courts.  *McKinney v. Arizona*, 140 S. Ct. 702 (2020); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975); *Winters v. New York*, 333 U.S. 507 (1948); *Murdock v. City of Memphis*, 87 U.S. 590 (1875); *Plourde v. Sorin Grp. USA, Inc.*, 23 F.4th 29, 31 (1st Cir. 2022).

### C. Eric Richmond's Answer to the Complaint

Mr. Richmond's failure or refusal to answer U.S. Bank has become egregious. Even though under Federal Rule of Civil Procedure 12(a)(1)(A)(i), Mr. Richmond's answer was due by October 4, 2021, he has still not filed an answer to the complaint. The Court has issued seven orders requiring Mr. Richmond to file an answer to the foreclosure complaint.  Mr. Richmond has ignored or avoided them all, filing all manner of motions but no answer.

The Court has informed Mr. Richmond that the case cannot proceed until he files an answer to the foreclosure complaint, because the answer triggers a scheduling order and a discovery period.  Mr. Richmond's refusal to file an answer has unnecessarily delayed this case and his latest non-meritorious motion to dismiss raises the possibility that Mr. Richmond is filing these repeated pre-answer motions simply to delay resolution of the pending foreclosure case.  In light of this history, the Court ORDERS Eric H. Richmond to file an answer to the complaint within seven days of the date of this order.  If he fails to file an answer within that time, the Court

places Mr. Richmond on notice that he will be subject to sanctions for willful failure to obey court orders.

### D. *Cok* Order

By his choice of language, Mr. Richmond seems determined to pick a fight with the Court. On October 29, 2021, within weeks of the date his answer was due, Mr. Richmond accused the Court of "usurp[ing] the Congress of the United States . . . and that "[s]uch usurpation is clearly a manifest injustice and manifest error of law." *Second Mot. for Relief from J.* at 2. On March 2, 2022, Mr. Richmond accused the Court of a "preposterous and blatant manifest injustice." *Def.'s Mot. to Vacate* at 2. On March 14, 2022, Mr. Richmond accused the Court of acting "slyly" in its "preposterous and blatant manifest injustice." *Def.'s Second Mot. to Vacate* at 2. On April 22, 2022, Mr. Richmond accused the Court of acting in a fashion to "strip[] the court . . . of any power to act" and falsely insinuated that the Court and Attorney Longoria had "prior *ex parte* communication." *Mot. for Judicial Notice* at 2. On December 5, 2022, Mr. Richmond wrote that he "thinks this court is either a rube or willing to be complicit." *Mem. of Law in Further Support of Mot. for Judicial Notice and in Opp'n to Mot. for Cok Order* at 6 (ECF No. 72). As noted earlier, in his January 18, 2023 motion, Mr. Richmond accuses the Court of bias and in perpetrating a fraud upon the court. *Def.'s Mot.* at 1-2. In his latest memorandum, Mr. Richmond asks whether the Court is "smarter than a 5th grader." *Def.'s Reply* at 3. The Court urges Mr. Richmond to turn away from casting aspersions and instead focus on the merits of U.S. Bank's foreclosure lawsuit against him.

U.S. Bank has urged the Court to impose a *Cok* order against Mr. Richmond. *Opp'n to Mot. to Dismiss and Renewed Req. for a So-Called "Cok" Order and Other Sanctions* at 1-11 (ECF No. 80). In *Cok v. Family Court*, 985 F.2d 32 (1st Cir. 1993), the First Circuit required trial courts which were contemplating imposing filing restrictions against a party to warn or give notice that filing restrictions are being contemplated. *Id.* at 35. The Court will not yet warn Mr. Richmond that filing restrictions may be in the offing, but if he continues to refuse to obey the orders of the Court, in particular refuses to answer the complaint, the Court may be required to issue a *Cok* warning and give notice of possible filing restrictions to Mr. Richmond because it may reluctantly conclude that Mr. Richmond's filings are solely for the purpose of delay.

## IV.   CONCLUSION

The Court DENIES Eric Richmond's Defendant's Motion to Dismiss Complaint for Failure [to] State a Claim Upon Which Relief Can Be Granted Pursuant to FRCP 12(b)(6) and to Dismiss Complaint for Failure to Join Necessary Parties Pursuant to FRCP 12(b)(7) and Judicial Notice of Facts not Subject to Reasonable Dispute Pursuant to Fed. R. of Evid. 201 and for Vacat[]ur of Dismissal of Mot. to Dismiss Pursuant to FRCP 60(d)[(30] (ECF No. 78).

The Court DISMISSES without prejudice U.S. Bank's Opposition to Motion to Dismiss and Renewed Request for a So-Called "Cok" Order and Other Sanctions (ECF No. 80).

The Court ORDERS Eric Richmond to file an answer to the Plaintiff's complaint within seven days of the date of this decision. Eric Richmond's failure to file a timely answer will result in the imposition of sanctions.

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 9th day of May, 2023