UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST, SERIES NC 2005-HE8, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES NC 2005-HE8,<br><br>    Plaintiff,<br><br>        v.<br><br>ERIC RICHMOND, a/k/a ERIC H. RICHMOND<br><br>    and<br><br>CITIMORTGAGE, INC., f/k/a CITIGROUP MORTGAGE, INC.<br><br>    Defendants. | No. 2:21-cv-00208-JAW |

**ORDER DENYING DEFENDANT'S MOTION, ENTERING GENERAL DENIAL, AND IMPOSING "*COK*" WARNING**

The Court has elsewhere extensively described the frustrating history of this foreclosure action and Eric Richmond's stubborn refusal to comply with the orders of the Court. *See Order on Mot. to Dismiss and Order to Answer Compl.* (ECF No. 88) (*May 9, 2023 Order*). Mr. Richmond's latest disobedience of a court order occurred when he failed, once again, to file an answer to the foreclosure complaint that U.S. Bank National Association served on him on September 13, 2021. *Id.* at 4. In its May 9, 2023 order, the Court expressly ordered Mr. Richmond to file an answer to the foreclosure complaint within seven days of the date of the order. *Id.* at 14. Under

the order, Mr. Richmond's answer was due by May 16, 2023. *Id.* Mr. Richmond not only failed to file an answer to the foreclosure complaint, but he also filed a new motion, entitled "Motion for Judicial Notice, Pursuant to the Federal Rules of Evidence (FRE) Rule 201 Judicial Notice of Adjudicative Facts and to Alter Judgment of Docket # 88: Order on Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 59(e)." (ECF No. 90).

Enough is enough. Regarding his motion for judicial notice, this is Mr. Richmond's fourth motion for judicial notice, and this Court has denied them all. *See Order on Pl.'s Mot. for Entry of Default and Def.'s Mot. for Judicial Notice* at 4-8 (ECF No. 79). The Court denies his latest motion for judicial notice on the same grounds as its previous denials. *Id.* Regarding his Rule 59(e) motion to dismiss, Rule 59(e) does not apply because no judgment has entered. FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment"). The Court DENIES Eric Richmond's Motion for Judicial Notice, Pursuant to the Federal Rules of Evidence (FRE) Rule 201 Judicial Notice of Adjudicative Facts and to Alter Judgment of Docket # 88: Order on Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 59(e) (ECF No. 90).

The question is what to do about Mr. Richmond's conduct of this case. Based on his persistent refusal to obey the Court's repeated orders to file an answer in this case, his repetitious filing of motions previously denied, his refusal to follow the opinions of the Maine Supreme Judicial Court, his attacks upon this and other courts, and his multiple interlocutory appeals, the Court reluctantly concludes that Mr.

Richmond is a frivolous and contentious litigant, whose filings are solely for the purpose of delay. As the Court explained in its May 9, 2023 order, in *Cok v. Family Court*, 985 F.2d 32 (1st Cir. 1993), the First Circuit required trial courts contemplating imposing filing restrictions against a party to warn or give notice that filing restrictions are being contemplated. *May 9, 2023 Order* at 13 (citing *Cok*, 985 F.2d at 35). To date, the Court has been reluctant to conclude that a *Cok* order is necessary; however, with Mr. Richmond's latest failure to file an answer to the complaint and his filing instead of another frivolous motion combined with the long history of his vexatious filings in this case, the Court finds that Mr. Richmond is a frivolous and abusive litigant. Consistent with *Cok*, the Court expressly warns Mr. Richmond that "filing restrictions may be in the offing." *Cok*. 985 F.2d at 35. At the same time, the Court acknowledges that the First Circuit requires a court to warn a litigant before imposing filing restrictions. *Id*.

To remedy this egregious situation, the Court takes the following actions. First, it directs the Clerk of Court to enter for Mr. Richmond a general denial of the allegations in the Complaint with no affirmative defenses so that the Court may issue a scheduling order and move this long-delayed foreclosure action to fruition. Second, the Court expressly places Mr. Richmond on notice that his filings to date have been frivolous and unacceptable. If he files any such non-meritorious motions in the future, the Court will promptly dismiss them. Third, the Court places Mr. Richmond on notice that it is contemplating issuing a judgment against Mr. Richmond as a sanction for abusive litigation. If this conduct continues, Mr. Richmond may be

3

subject to a default judgment and other sanctions pursuant to *Cok*. Finally, unless Mr. Richmond alters his litigation tactics, the Court may impose filing restrictions against him, requiring him to obtain the permission of the Court before it accepts any of his filings on the docket.

U.S. Bank has filed another motion for entry of default. *Pl.'s Mot. for Entry of Default As To Eric Richmond, a/k/a Eric H. Richmond* (ECF No. 89). For the reasons the Court has previously described, the Court does not conclude that a default may be entered against Mr. Richmond because he has clearly indicated an intention to defend the foreclosure complaint. To enter a default in the circumstances here would be essentially a sanction and, under *Cok*, the Court is first warning Mr. Richmond to cease his vexatious conduct before imposing a sanction. However, if his conduct persists, the Court may impose a range of sanctions against Mr. Richmond, including the entry of a default judgment in favor of the Plaintiff. For the time being, the Court DISMISSES without prejudice Plaintiff's Motion for Entry of Default As To Eric Richmond, a/k/a Eric H. Richmond (ECF No. 89).

SO ORDERED.

/s/ John A. Woodcock, Jr.  
JOHN A. WOODCOCK, JR.  
UNITED STATES DISTRICT JUDGE

Dated this 5th day of June, 2023