UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST, SERIES NC 2005-HE8, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES NC 2005-HE8,<br><br>    Plaintiff,<br><br>        v.<br><br>ERIC RICHMOND, a/k/a ERIC H. RICHMOND<br><br>    and<br><br>CITIMORTGAGE, INC., f/k/a CITIGROUP MORTGAGE, INC.<br><br>    Defendants. | No. 2:21-cv-00208-JAW |

**ORDER ON MOTION FOR SANCTIONS AND MOTION FOR JUDICIAL NOTICE**

Despite two *Cok* warnings, a defendant in this case persists in making frivolous, derogatory, and vulgar filings. The court therefore imposes filing restrictions against him, requiring him to obtain permission before making any additional filings in this case. The court also strikes his repetitive and frivolous motion for judicial notice.

**I.     BACKGROUND**

On July 29, 2021, U.S. Bank National Association, as Trustee, on behalf of the Holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series

NC 2005-HE8, Asset Backed Pass-Through Certificates, Series NC 2005-HE8 (U.S. Bank) filed a foreclosure action against Eric Richmond, claiming that on August 9, 2005, Mr. Richmond borrowed $198,000 from New Century Mortgage Corporation, secured by a mortgage deed on residential premises located at 66 Back Meadow Road, Nobleboro, Maine. *Compl.* (ECF No. 1). After an assignment, U.S. Bank alleged that it is the current holder of the August 9, 2005 promissory note and mortgage. *Id.* ¶ 10. U.S. Bank further alleged that Mr. Richmond had failed to pay U.S. Bank in accordance with the terms of the promissory note and owed U.S. Bank $345,067.69, and U.S. Bank asked that the Court order a foreclosure of 66 Back Meadow Road pursuant to Maine statutory law. *Id.* at 1-14. Indeed, in a February 6, 2024 filing, U.S. Bank represented that Mr. Richmond has not made a payment on his promissory note and mortgage since February 1, 2012 and that U.S. Bank has been paying fees for taxes and insurance on 66 Back Meadow Road, while Mr. Richmond lives for free in the house. *Opp'n to Mots. to Vacate* at 2 (ECF No. 127).

Now, over three years after U.S. Bank filed its foreclosure complaint, the Court is only just addressing a scheduling order, which will allow the parties to engage in discovery and ultimately to proceed to trial. This unusual delay is attributable almost exclusively to Eric Richmond, who has repeatedly filed frivolous motions as well as six interlocutory appeals. Mr. Richmond's conduct led the Court of Appeals for the First Circuit on November 16, 2023 to issue him a "**final warning**" against "the filing of additional appeals based on dubious theories of appellate jurisdiction." *J. of U.S. Ct. of Appeals for the First Circuit* at 2 (ECF Nos. 116, 117) (emphasis in originals).

On June 5, 2023 and again on September 11, 2023, this Court issued its own "*Cok*"[1] warnings based on Mr. Richmond's conduct in this litigation. *Order Denying Def.'s Mot., Entering General Denial, and Imposing "*Cok*" Warning* at 1-4 (ECF No. 91) (*First Cok Warning*); *Order Denying Mot. for Recons. of Order Denying In Forma Pauperis Status and Reiteration of* Cok *Warning* at 1-3 (ECF No. 114) (*Second Cok Warning*).

On June 6, 2023, the Magistrate Judge issued a scheduling order, controlling the progress of the case. *Scheduling Order with Incorporated Rule 26(f) Order* (ECF No. 93). On June 27, 2023, Mr. Richmond objected to the scheduling order, not based on its contents, but on the theory that the Magistrate Judge lacked authority to issue a scheduling order. *Obj. to Scheduling Order and Assignment of Magistrate* (ECF No. 94). On June 27, 2023, Mr. Richmond also filed a motion to vacate the Court's June 5, 2023 order. *Def.'s Mot. to Vacate Docket # 91: Order Denying Def.'s Mot., Entering General Denial, and Imposing "Cok" Warning, Denying Mot. for Judicial Notice, by Judge John A. Woodcock, Jr. Pursuant to Fed. R. Civ. P. (FRCP) 60(b)(4) and for Judicial Notice Pursuant to Fed. R. Evid. (FRE) Rule 201 Judicial Notice of Adjudicative Facts* (ECF No. 95).

Meanwhile, before the Court could act on Mr. Richmond's June 27, 2023 motions, on July 12, 2023, Mr. Richmond filed two interlocutory appeals to the Court of Appeals for the First Circuit. *Notice of Appeal* (ECF Nos. 97, 101). On December 28, 2023, the Court of Appeals for the First Circuit issued its mandates in Mr.

---

[1] *Cok v. Family Court*, 985 F.2d 32 (1st Cir. 1993).

Richmond's interlocutory appeals, returning jurisdiction to this Court. *Mandate* (ECF Nos. 118, 119). The next day, on December 29, 2023, this Court issued an order on pending motions and expressly overruled Mr. Richmond's objection to the scheduling order. *Order on Pending Mots.* at 1-3 (ECF No. 120). The Court also denied Mr. Richmond's June 27, 2023 motion to vacate (ECF No. 95) and reminded him to avoid using personal invective in his filings. *Id.* On the same day, the Magistrate Judge issued a new scheduling order as many of the earlier-imposed deadlines had lapsed during Mr. Richmond's interlocutory appeals. *Scheduling Order with Incorporated Rule 26(f) Order* (ECF No. 121).

On January 17, 2024, Mr. Richmond filed an objection to the scheduling order and to the assignment of the magistrate judge to this case. *Obj. to Scheduling Order and Assignment of Magistrate* (ECF No. 122). On the same day, he filed a motion to reconsider the Court's December 29, 2023 order. *Def.'s Mot. to Recons. Order Denying Obj. to Assignment of Magistrate and Scheduling Order under Loc. R. 7(f)* (ECF No. 123) (*Def.'s Recons. Mot.*). On January 22, 2024, U.S. Bank filed a response to Mr. Richmond's January 17, 2024 objection and motion. *Opp'n to Def.'s Mot. to Recons. Order Denying Obj. to Assignment of Magistrate and Scheduling Order under Loc. R. 7(f)* (ECF No. 124). Also on January 22, 2024, U.S. Bank filed a motion for "*Cok*" order and other sanctions. *Mot. for "*Cok*" and Other Sanctions* (ECF No. 125).

On February 1, 2024, Mr. Richmond filed a combined motion to vacate the Court's order on pending motions dated December 29, 2023 and the scheduling order and he moved to amend judgments relating to those orders. *Def.'s Combined Mots. to*

4

*Vacate Docket #120 and #121 Pursuant to Fed. R. Civ. P. 60(b)(5) and 60 (b)(4) and Mot. to Am. J. (Docket #120, #122) Pursuant to Fed. R. Civ. P. 59(b)(5)* (ECF No. 126). On February 6, 2024, U.S. Bank filed an opposition to Mr. Richmond's February 1, 2024 motion. *Opp'n to Mots. to Vacate* (ECF No. 127). On February 7, 2024, Mr. Richmond filed a motion to extend the time for filing a reply to U.S. Bank's January 22, 2024 response to his objection and motion regarding the scheduling order and the involvement of the magistrate judge. *Def.'s Mot. for Extension of Time to File Reply to Resp. to Opp'n (Docket #124)* (ECF No. 128). On February 8, 2024, U.S. Bank filed an opposition to Mr. Richmond's motion for extension of time. *Opp'n to Mot. for Extension of Time to File Reply to Resp. to Opp'n* (ECF No. 129).

On February 8, 2024, the Court issued an order on pending motions. *Order on Pending Mots.* (ECF No. 130). The Court granted in part and denied in part Mr. Richmond's motion for extension of time, allowing Mr. Richmond until February 20, 2024 to file a reply to U.S. Bank's opposition to his objection to the scheduling order and motion for reconsideration. *Id.* at 4. The Court further required Mr. Richmond to file a response to U.S. Bank's *Cok* motion by February 12, 2024 and to file a reply to U.S. Bank's response to his combined motion to vacate and amend judgment by February 20, 2024. *Id.*

On February 13, 2024, Mr. Richmond filed a motion to extend the time to respond to U.S. Bank's *Cok* motion. *Def.'s Mot. for Extension of Time to File Reply to Resp. to Opp'n (Docket #125)* (ECF No. 131). Also on February 13, 2024, U.S. Bank

5

objected to Mr. Richmond's motion for extension of time. *Opp'n to Mot. for Extension of Time to File Reply to Resp. to Opp'n* (ECF No. 132).

On February 23, 2024, Mr. Richmond filed a reply to U.S. Bank's response to his January 17, 2024 objection and motion, and a reply to U.S. Bank's response to his February 1, 2024 motions. *Def.'s Reply to Pl.'s Opp'n to Mot. to Reargue Docket # 124* (ECF No. 133); *Def.'s Reply to Pl. Opp'n to R. 59/60 Mot. Docket # 127* (ECF No. 134) (*Def.'s Docket # 127 Reply*). On March 1, 2024, Mr. Richmond filed a reply to U.S. Bank's opposition to his motion to extend time. *Def.'s Reply to Pl. Opp'n (Docket # 132) to Mot. for Extra Time* (ECF No. 135).

On March 4, 2024, the Court issued another order on pending motions. *Order on Pending Mots.* (ECF No. 136). The Court denied 1) Mr. Richmond's objection to the scheduling order and assignment of the magistrate judge (ECF No. 122), 2) Mr. Richmond's motion for reconsideration of the order denying his objection to the scheduling order and assignment of the magistrate judge (ECF No. 123), and 3) Mr. Richmond's combined motion to vacate (ECF No. 126), and the Court granted in part and denied in part Mr. Richmond's motion for extension (ECF No. 131), extending the date for his response to March 12, 2024. *Id.* at 10. Mr. Richmond filed his response to U.S. Bank's motion for sanctions, which contained an additional motion for judicial notice, on March 18, 2024. *Def.'s Reply to Pl. Mot. for Sanctions and Cross-Mot. for Mandatory Judicial Notice under Fed. R. Evid. 201* (ECF No. 137) (*Def.'s Sanctions Opp'n/Cross Mot.*). On March 25, 2024, U.S. Bank filed its reply to Mr. Richmond's response and its response to his motion for judicial notice. *Reply to Def.'s Opp'n to*

6

*Mot. for Sanctions and Resp. to Def.'s Req. for Judicial Notice* (ECF No. 139). Mr. Richmond's reply to U.S. Bank's response to his motion for judicial notice was originally due by April 8, 2024.

However, before Mr. Richmond's reply was due, on April 3, 2024, he filed a sixth interlocutory appeal to the Court of Appeals for the First Circuit. *Notice of Appeal* (ECF No. 141). On July 25, 2024, the First Circuit rejected Mr. Richmond's interlocutory appeal. *U.S. Ct. of Appeals for the First Circuit, J.* (ECF No. 156).

While his interlocutory appeal was pending, Mr. Richmond moved to extend the time for filing his reply to U.S. Bank's response to his motion for judicial notice, asking that the Court grant an extension to April 20, 2024. *Def.'s Mot. for Extension of Time to File Reply to Resp. to Opp'n to Mot. for Mandatory Judicial Notice (#138)* (ECF No. 147). On April 15, 2024, the Court granted Mr. Richmond's motion, making his reply due by April 20, 2024. *Order* (ECF No. 148). On April 24, 2024, Mr. Richmond filed a sur-reply to U.S. Bank's motion for sanctions and a reply to U.S. Bank's response to his motion for judicial notice. *Def.'s Sur-reply to Mot. for Sanctions and Reply to Opp'n to Mot. for Judicial Notice* (ECF No. 151).

Now pending before the Court are U.S. Bank's motion for sanctions and Mr. Richmond's motion for judicial notice.

## II. DISCUSSION

On June 5, 2023, the Court issued an order warning Mr. Richmond that it was considering issuing restrictions against his filings and other sanctions, including potential default judgment. *First Cok Warning* at 3-4. Then, on December 29, 2023,

the Court reiterated its *Cok* warning and told Mr. Richmond to cease his vexatious conduct in this litigation. *Second Cok Warning* at 3.

Unfortunately, Mr. Richmond's frivolous and vexatious conduct has continued unabated despite these warnings. To describe one example of Mr. Richmond's misconduct, he has filed six motions for the Court to take judicial notice under Federal Rule of Evidence 201. *See Def.'s Mot. to Vacate Docket # 21 and Docket # 25 Pursuant to Fed. R. Civ. P. 60(b)(1), 60(b)(3), 60(b)(4), 60(b)(5), and 60(b)(6) and for Judicial Notice Pursuant to Fed. R. Evid. R. 201* (ECF No. 26); *Def.'s Mot. to Vacate Docket # 27 Pursuant to Fed. R. Civ. P. 60(b)(1), 60(b)(4) and 60(b)(6) and for Judicial Notice Pursuant to Fed. R. Evid. 201* (ECF No. 28); *Def.'s Mot. to Vacate Docket # 29, # 30, and #31 Pursuant to Fed. R. Civ. P. 60(b)(1), 60(b)(4) and 60(b)(6) and for Judicial Notice Pursuant to Fed. R. Evid. 201* (ECF No. 32); *Def.'s Mot. for Judicial Notice Pursuant to Fed. R. Evid. R. 201* (ECF No. 49); *Def.'s Mot. for Judicial Notice Pursuant to Fed. R. Evid. (FRE) R. 201* (ECF No. 90); *Def.'s Sanctions Opp'n/Cross Mot.* The Court denied all previous motions for judicial notice and has repeatedly warned Mr. Richmond that his requests for judicial notice are non-meritorious. *See First Cok Warning* at 2. Despite the Court's express admonition against Mr. Richmond filing frivolous motions for judicial notice, Mr. Richmond has simply ignored the Court's orders. *See Def.'s Sanctions Opp'n/Cross Mot.*

Also, despite repeated express orders requiring Mr. Richmond to file an answer to the foreclosure complaint, Mr. Richmond still has not done so. *See First Cok*

8

*Warning* at 2. Mr. Richmond's failure to file an answer to the complaint resulted in a substantial, unwarranted delay in the disposition of this case.

Mr. Richmond's misconduct before this Court has been echoed in his misconduct before the Court of Appeals. As the Court of Appeals noted, Mr. Richmond has filed six frivolous interlocutory appeals, and the First Circuit "repeatedly has warned Richmond regarding frivolous and vexatious litigation practices." *U.S. Ct. of Appeals for the First Circuit, J.* at 2 (ECF No. 156).

Moreover, Mr. Richmond has consistently used vindictive, demeaning, insulting, and in one case threatening language in his filings. *Def.'s Sanctions Opp'n/Cross Mot.* at 4 ("This is much more interesting but also an example of sloppy, piss poor attorney work by Plaintiff Counsel Reneau J. Longoria"); *id.* at 7 ("[T]his court laid a steaming turd of an order . . .."); *Def.'s Docket # 127 Reply* at 3 ("[T]he senior judge has shown an utter incapacity to do any date math thus far (or even address motions)"); *Def.'s Recons. Mot.* at 2 ("Try to take my home, croft and toft without due process of law and we shall see"). If anything, despite two *Cok* warnings, Mr. Richmond's verbiage has become more insulting, condescending, and vulgar. In fashioning its *Cok* order, the Court has imposed a sanction that is the least restrictive against Mr. Richmond and depends solely upon his own ability to conduct himself properly in this litigation.

### III. CONCLUSION

The Court GRANTS U.S. Bank's Motion for "*Cok*" and Other Sanctions (ECF No. 125) and imposes the following filing restriction on Defendant Eric Richmond:

9

> Before making any filing with this Court on this case, Eric Richmond must first file a motion for permission to make the filing. The Court will review the proposed motion and, if the Court deems it proper, will allow it. If the Court deems it improper, the Court will reject the filing and return it to Mr. Richmond. If Mr. Richmond makes any filing without first making a motion for permission to do so, the Court ORDERS the Clerk of Court to return the filing to Mr. Richmond undocketed.

Mr. Richmond seems to enjoy provocative and colorful language, which is fine. But the Court cautions Mr. Richmond against the use of personal, derogatory, vulgar language that has no place in a court of law. If Mr. Richmond cannot conduct himself properly, the Court warns him that it may impose further sanctions, including – if necessary – the entry of default against him.

The Court STRIKES Eric Richmond's Cross-Motion for Mandatory Judicial Notice Under Federal Rules of Evidence 201 (ECF No. 138) on grounds previously explained.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of August, 2024