## UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST, SERIES NC 2005-HE8, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES NC 2005-HE8, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   No. 2:21-cv-00208-JAW<br>) |
| ERIC RICHMOND, a/k/a ERIC H. RICHMOND | )<br>)<br>) |
| Defendant, | )<br>) |
| and | )<br>) |
| CITIMORTGAGE, INC., f/k/a CITIGROUP MORTGAGE, INC. | )<br>)<br>) |
| Defaulted Party. | ) |

## ORDER ON MOTION FOR LEAVE TO FILE AND OBJECTION TO TRIAL SCHEDULING ORDER

With trial rapidly approaching in a long-running foreclosure case, the defendant, who is subject to a filing restriction pursuant to *Cok v. Family Court of Rhode Island*, 985 F.2d 32 (1st Cir. 1993), files a motion for leave to file an objection to the court's final pretrial scheduling order, also attaching his proffered objection requesting the court postpone trial and extend the trial period to permit him to prepare for and make legal arguments at trial. The plaintiff, a bank, opposes delaying trial. On review, the court grants the defendant's motion for leave to file and directs the court clerk to file the defendant's objection on the docket. However, the court

overrules the merits of his objection and affirms the trial schedule in the final pretrial order.

## I.    PROCEDURAL BACKGROUND

On July 29, 2021, U.S. Bank National Association, as trustee, on behalf of the holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2005-HE8, Asset Backed Pass-Through Certificates, Series NC 2005-HE8 (U.S. Bank), the mortgagee, filed a foreclosure complaint against Eric H. Richmond, mortgagor, claiming that on August 9, 2005, Mr. Richmond borrowed $198,000 from New Century Mortgage Corporation, secured by a mortgage deed, on the real property located at 66 Back Meadow Road, Nobleboro, Maine (the Property). *Compl.* (ECF No. 1). U.S. Bank alleges that, following assignment, it is the current holder of the August 9, 2005 promissory note and mortgage. *Id.* ¶ 10. U.S. Bank further alleges that Mr. Richmond failed to pay U.S. Bank in accordance with the terms of the promissory note and that he has failed to make any monthly payments since February 1, 2012. *Id.* ¶¶ 24. U.S. Bank claims that Mr. Richmond owes it $345,067.69 and asks the Court to order the foreclosure of the Property pursuant to Maine statutory law. *Id.* at 1-14.

Now, nearly five years after the complaint was filed, trial has been scheduled for June 23, 2025. *Rep. of Final Pretrial Conf. and Order* (ECF No. 175). This unusual delay is attributable almost exclusively to Mr. Richmond, who has repeatedly filed frivolous motions as well as six interlocutory appeals to the United States Court of Appeals for the First Circuit. To provide a by-no-means exhaustive summary of

2

the filings that have led to this point, the Court begins with the state of the case on May 9, 2023; as of that date, despite numerous court orders requiring Mr. Richmond to file an answer to the complaint to permit the case to proceed, he repeatedly failed or refused to do so, instead filing sixteen pre-answer motions and three interlocutory appeals. *See Def.'s Mot. to Strike Portions of the Compl. Pursuant to FRCP 12(f)* (ECF No. 11); *Def.'s Mot. for Relief from J. Pursuant to Fed. R. Civ. P. 59(e)* (ECF No. 14); *Def.'s Mot. for Relief from J. Pursuant to Fed. R. Civ. P. 59(e) and for Judicial Notice Pursuant to Fed. R. Evid. 201* (ECF No. 16); *Def.'s Mot. for Relief from J. Pursuant to Fed. R. of Civ. P. 60(1), 60(4), 60(5), 60(6)* (ECF No. 18); *Def.'s Mot. for Extension of Time to File Pre-Answer Mot. to Dismiss Pursuant to [] Fed. R. Civ. P. 6(b)(1)(A)* (ECF No. 22); *Def.'s Mot. to Vacate Docket # 21 and Docket # 25 Pursuant to Fed. R. Civ. P. 60(b)(1), 60(b)(3), 60(b)(4), 60(b)(5) and 60(b)(6) and for Judicial Notice Pursuant to Fed. R. of Evid. Rule 201 Judicial Notice of Adjudicative Facts that Dec. 8[] [C]omes [B]efore Dec. 20, 2021* (ECF No. 26) (*Def.'s First Mot. to Vacate*); *Def.'s Mot. to Vacate Docket # 27 Pursuant to Fed. R. Civ. P. 60(b)(1), 60(b)(4) and 60(b)(6) and for Judicial Notice Pursuant to Fed. R. Evid. Rule 201 Judicial Notice of Adjudicative Facts* (ECF No. 28) (*Def.'s Second Mot. to Vacate*); *Def.'s Mot. to Vacate Docket # 29, #30, # 31 Pursuant to Fed. R. Civ. P. 60(b)(1), 60(b)(4) and 60(b)(6) and for Judicial Notice Pursuant to Fed. R. Evid. Rule 201 Judicial Notice of Adjudicative Facts* (ECF No. 32); *Def.'s Mot for Permission to Appeal In Forma Pauperis* (ECF No. 41); *Def.'s Mot. for Judicial Notice Pursuant to Fed. R. Evid. Rule 201 Judicial Notice of Adjudicative Facts and to Vacate Docket # 33 Order [D]enying[ ]32 Mot. to Vacate by Judge John*

3

*A. Woodcock, Jr. Pursuant to Fed. R. Civ. P. 60(b)(1) and 60(b)(4)* (ECF No. 49); *Def.'s Mot. for Permission to Appeal In Forma Pauperis* (ECF No. 51); *Def.'s Mot. for Extra Time Pursuant to Fed. R. Civ. P. 6(b)(1)(a)* (ECF No. 70); *Def.'s Pre-Answer Mot. For a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e)* (ECF No. 73); *Def.'s Mot. to Dismiss Compl. for Failure to Join Necessary Parties Pursuant to Fed. R. Civ. P. 12(b)[(7)]* (ECF No. 75); *Def.'s Mot. to Dismiss Compl. for Failure [to] State a Cl. Upon Which Relief Can Be Granted Pursuant to FRCP 12(b)[(6)] and to Dismiss Compl. for Failure to Join Necessary Parties Pursuant to FRCP 12(b)[(7)] and Judicial Notice of Facts [N]ot Subject to Reasonable Dispute Pursuant to Fed. R. Evid. 201 and for Vacat[]ur of Dismissal of Mot. to Dismiss Pursuant to FRCP 60(d)[(30)]* (ECF No. 78); *Def.'s Mot. for Extra Time Pursuant to Fed. R. Civ. P. 60(b)(1)(a)* (ECF No. 84); *Notice of Appeal* (ECF Nos. 35, 40, 50).

In addition to volume, Mr. Richmond's filings also increasingly struck an offensive and combative tone, first accusing the Court of "preposterous and blatant manifest injustice" on March 2, 2022, *see Def.'s Mot. to Vacate* at 2, before submitting he "thinks this court is either a rube or willing to be complicit" on December 5, 2022. *See Mem. of Law in Further Support of Mot. for Judicial Notice and in Opp'n to Mot. for Cok Order* at 6 (ECF No. 72). Then, on May 5, 2023, Mr. Richmond asked whether the Court is "smarter than a 5th grader." *See Def.'s Mem. of Law in Further Support of Def.'s Mot. to Strike Compl. for Failure to State a Cl.* at 3 (ECF No. 87).

On May 9, 2023, the Court ordered Mr. Richmond to file an answer within seven days or face sanctions, and in the same order provided Mr. Richmond with his

4

first notice that filing restrictions pursuant to *Cok v. Family Court of Rhode Island*, 985 F.2d 32 (1st Cir. 1993), might soon be in the offing if he continued to file motions seemingly for the purpose of delaying the case from ultimate resolution and to abuse the Court and its officers with offensive invective. *Order on Mot. to Dismiss and Order to Answer Compl.* (ECF No. 88).

The Court's order and word of caution had no effect on Mr. Richmond; not only did Mr. Richmond fail to comply with the Court's order to file an answer, he continued to file frivolous motions, insult court personnel and opposing counsel, and file baseless interlocutory appeals. *See J.* (ECF No. 61) (dismissing *Notice of Appeal* (ECF No. 50) as unreviewable on an interlocutory basis); *J.* (ECF No. 62) (dismissing *Notice of Appeal* (ECF No. 35) for the same reason); *J.* (ECF No. 63) (dismissing *Notice of Appeal* (ECF No. 40) for the same reason); *Mandate* (ECF No. 64); *Mandate* (ECF No. 65); *Mandate* (ECF No. 66). On June 5, 2023 and again on September 11, 2023, the Court issued further *Cok* warnings based on Mr. Richmond's unrelenting misconduct in this litigation. *Order Denying Def.'s Mot., Entering General Denial, and Imposing "*Cok*" Warning* at 1-4 (ECF No. 91) (*First* Cok *Warning and Order Entering Answer*); *Order Denying Mot. for Recons. of Order Denying In Forma Pauperis Status and Reiteration of* Cok *Warning* at 1-3 (ECF No. 114). Mr. Richmond himself filed three further interlocutory appeals to the First Circuit Court of Appeals, *see Notice of Appeal* (ECF Nos. 97, 101, 141), leading the First Circuit to issue him a "**final warning**" against "the filing of additional appeals based on dubious theories of appellate jurisdiction." *J. of U.S. Ct. of Appeals for the First Cir.* at 2 (ECF Nos. 116,

5

117) (emphasis in originals); *see also J. of U.S. Ct. of Appeals for the First Cir.* at 2 (ECF No. 156) (noting the First Circuit "repeatedly has warned Richmond regarding frivolous and vexatious litigation practices").

Despite these extreme measures, as of the date of this order, Mr. Richmond has steadfastly refused to file an answer to the complaint, leading the Court on June 5, 2023 to "direct the Clerk of Court to enter for Mr. Richmond a general denial of the allegations in the Complaint with no affirmative defenses so that the Court may issue a scheduling order and move this long-delayed foreclosure action to fruition." *First* Cok *Warning and Order Entering Answer* at 3 (ECF No. 91).

On January 25, 2024, U.S. Bank filed a motion requesting a *Cok* order and other sanctions be imposed against Mr. Richmond for "his pattern of frivolous, abusive and harassing filings in this matter." *Mot. for "*Cok*" and Other Sanctions* (ECF No. 125). Mr. Richmond responded on March 18, 2024, *Def.'s Reply to Pl.['s] Mot. for Sanctions and Cross-Mot. for Mandatory Judicial Notice Under Fed. R. Evid. 201* (ECF No. 137), U.S. Bank replied on March 25, 2024, *Reply to Def.'s Opp'n to Mot. for Sanctions and Resp. to Def.'s Req. for Judicial Notice* (ECF No. 139), and Mr. Richmond sur-replied on April 24, 2024. *Def.'s Sur-Reply to Mot. for Sanctions and Reply to Opp'n to Mot. for Judicial Notice* (ECF No. 151).

On August 2, 2024, the Court granted the Plaintiff's motion for a *Cok* order and other sanctions, informing Mr. Richmond that:

> Before making any filing with this Court on this case, Eric Richmond must first file a motion for permission to make the filing. The Court will review the proposed motion and, if the Court deems it proper, will allow it. If the Court deems it improper, the Court will reject the filing and

return it to Mr. Richmond.  If Mr. Richmond makes any filing without first making a motion for permission to do so, the Court ORDERS the Clerk of Court to return the filing to Mr. Richmond undocketed.

*Order on Mot. for Sanctions and Mot. for Judicial Notice* at 10 (ECF No. 157).  Since the Court ordered this filing restriction, the Clerk of Court has returned attempted filings to Mr. Richmond four times, on each occasion informing him that he is "enjoin[ed] from making filings in the District of Maine without prior leave of court." *Letter* (ECF Nos. 158, 159, 163, 170).

In the meantime, on June 16, 2023, U.S. Bank served Mr. Richmond with Requests for Admission to be answered within thirty days under Federal Rule of Civil Procedure 36.  *Pl.'s Mot. for Reqs. for Admission to be Deemed Admitted* at 2 (ECF No. 167); *see also Req. for Hr'g Re: Disc. Dispute Pursuant to Loc. Rule 26(b)* (ECF No. 161) (*Pl.'s Req. for Hr'g*).  Mr. Richmond never responded to U.S. Bank's Requests for Admission, *Pl.'s Req. for Hr'g* at 1, and on September 13, 2024, U.S. Bank filed a request for a discovery conference with the Court to discuss Mr. Richmond's failure to respond to the Requests for Admission. *Id.*  The United States Magistrate Judge granted the request that same day, *Order* (ECF No. 162), and on September 19, 2024 the Clerk's Office scheduled a videoconference between U.S. Bank and Mr. Richmond with the Magistrate Judge to discuss this discovery issue to take place on September 26, 2024.  *Notice of Hr'g* (ECF No. 164).

However, on September 20, 2024, Mr. Richmond sent "three inappropriate emails" to the Magistrate Judge and courthouse staff, prompting the Magistrate Judge to order Mr. Richmond to cease sending emails to anyone at the court and to cancel the scheduled discovery conference, noting that the Plaintiff could raise by

7

filing any issues that it would have raised at the conference. *Order Re: Email Commc'ns* (ECF No. 165). On October 9, 2024, U.S. Bank filed a motion for the Court to deem admitted its Requests for Admission. *Mot. for Reqs. for Admission to be Deemed Admitted*. Mr. Richmond did not respond to the motion; thus, the Court granted the motion on November 19, 2024, deeming "the facts asserted in U.S. Bank's June 16, 2023 Requests for Admission to be admitted." *Order on Mot. for Reqs. for Admission to be Deemed Admitted* (ECF No. 169).

Separately, on October 30, 2024, the Magistrate Judge issued a scheduling order, setting deadlines for, inter alia, completion of discovery by March 19, 2025; written notice of intent to file summary judgment motion by March 26, 2025; dispositive motions by April 9, 2025; and to be trial-ready by June 2, 2025. *Scheduling Order* (ECF No. 168). The District of Maine published its June trial list on April 7, 2025, informing the parties that the case had been set for trial in the month of June and that the final pretrial conference in this matter had been scheduled for "May 9, 2025 at 2:30 p.m. in Courtroom No. 1." *June 2025 Civ. Trial List* (ECF No. 172). The ECF entry docketing the trial list further noted that the parties' final pretrial memoranda were due by May 2, 2025. *Id.* In compliance, U.S. Bank filed its final pretrial memorandum on May 1, 2025, *Pl.'s Final Pretrial Mem.* (ECF No. 175); however, Mr. Richmond neither filed a final pretrial memorandum nor sought the Court's permission to do so in accordance with the *Cok* order.

The Court held its final pretrial conference in this case as scheduled on May 9, 2025. *Min. Entry* (ECF No. 176). Counsel for U.S. Bank appeared, but Mr. Richmond

did not, nor did anyone enter an appearance on his behalf. *Rep. of Final Pretrial Conf. and Order* at 1-2 (ECF No. 177) (*Final Pretrial Order*). Based on information gathered at the conference, on May 12, 2025, the Court issued a report of the final pretrial conference and order (Final Pretrial Order) informing the parties that the trial would be held on June 23, 2025, that it "will require no more than two hours," and that the parties anticipated no "unusual issues" with exhibits or witnesses. *Id.* at 1-3.

On May 29, 2025, Mr. Richmond filed a motion for leave to file, requesting the Court's permission to file an objection to the Final Pretrial Order. *Req. to be Permitted to File Obj. as Mentioned in May 12, 2025 Order* (ECF No. 178) (*Def.'s Mot.*). Mr. Richmond further attaches his objection to the Final Pretrial Order. *Id.*, Attach. 1, *Obj. to Trial Scheduling Order* (*Def.'s Obj.*). U.S. Bank responded on June 2, 2025, asserting Mr. Richmond forfeited his opportunity to challenge or contribute to the Final Pretrial Order and requesting the Court deny Mr. Richmond's objection. *Pl.'s Resp. to Def.'s Req. to be Permitted to File Obj. to Trial Scheduling Order* (ECF No. 179) (*Pl.'s Resp.*). On June 5, 2025, Mr. Richmond again submitted his motion for leave to file and objection, as well as a certificate of service not originally included. *Req. to be Permitted to File Obj. as Mentioned in May 12, 2025 Order.* (ECF No. 181); *id.*, Attach. 1, *Obj. to Scheduling Order.*

## II.    THE PARTIES' POSITIONS

### A.    Eric Richmond's Filings

#### 1.    Motion for Leave to File Objection

Mr. Richmond "requests permission to file and serve the attached objection," informing the Court of his concerns based on alleged issues in "the Plaintiff's last memorandum," its insufficient allocation of time for trial, and the Maine Supreme Judicial Court's recent decision in *Deutsche Bank Trust Co. Ams. v. Kendall*, Mem 25-54, 2025 Me. Unpub. LEXIS 55 (citation corrected). *Def.'s Mot.* at 1. These issues, Mr. Richmond says "all cry out for an objection such that future appeals can be avoided and judicial resources not be wasted." *Id.*

#### 2.    Objection to Trial Scheduling Order

In the objection attached to his motion for leave to file, Mr. Richmond raises fourteen objections to the Final Pretrial Order. *Def.'s Obj.*

First, he asserts the complaint certifies Plaintiff's compliance with 14 M.R.S § 6111, but emphasizes that the complaint "is neither affirmed nor sworn to, raising significant procedural requirements that require review to assess its validity[] and compliance with the statute." *Id.* ¶ 1. Second, Mr. Richmond submits "[t]he notice of default contains a myriad of issues," alleging the Plaintiff's final pretrial memorandum contends it does not have to comply with 14 M.R.S § 6111 despite previously certifying its compliance. *Id.* ¶ 2. Third, the Defendant avers that "two partners in Doonan, Graves, and Longoria[] were the signatories in the default notice, not any agent of Select Portfolio Servicing," and, as such, "their testimony will be paramount at trial." *Id.* ¶ 3. Mr. Richmond informs the Court he tried to reach out

to Doonan, Graves, and Longoria but has not received a response. *Id.* Fourth, Mr. Richmond challenges the adequacy of Plaintiff's service in this case, alleging U.S. Bank makes new contentions regarding service to an address other than the Property in its final pretrial memorandum. *Id.* ¶ 4. Fifth, Mr. Richmond insists "[m]andatory compliance with 14 M.R.S. § 6321 pursuant to the post-C[l]outier[1] amendment of the statute must be addressed." *Id.* ¶ 5. For each of these first five objections, Mr. Richmond avers "[a]s this court has denied all motions for judicial notice, this must be done at trial." *Id.* ¶¶ 1-5.

Sixth, Mr. Richmond describes the Maine Supreme Judicial Court's May 13, 2025 decision in *Deutsche Bank Trust Co. Ams. v. Kendall*, Mem 25-54, 2025 Me. Unpub. LEXIS 55 (citation corrected), as "addressing standing issues regarding power of attorney" and submits he needs additional time to assess the ruling's impact on Plaintiff's standing. *Id.* ¶ 6. He avers "[t]hese issues justify a delay or stay of the trial to ensure proper preparation and resolution" and argues "the court should both allow more time, and set a full briefing schedule to avoid trial altogether if possible." *Id.* ¶¶ 6-7.

Seventh, Mr. Richmond notes "there is a pending complaint to the circuit executive regarding the actions of the judge in this case" and contends "no trial date should be set until the complaint to the circuit executive is addressed and has reached a conclusion." *Id.* ¶ 8.

---

[1] The Court understands the Defendant to be referencing to be to *Bank of America v. Cloutier*, 61 A.3d 1242, 2013 ME 17, a 2013 Law Court case discussing proof of ownership in the context of a foreclosure.

Eighth, Mr. Richmond states that, "[a]s all motions for judicial notice have been denied, and they were vehicles to do what would take time at trial, that time must now be allocated." *Id.* ¶ 9. For this reason, he says, "[t]he two-hour trial limit is inadequate to address the complex jurisdictional and substantive issues," and "risks prejudice, necessitating a longer trial or additional hearing time." *Id.* ¶ 10. Mr. Richmond claims the estimated time limit is further inadequate because he "is unable to reconcile the amounts past due with any reasonable interpretation of principal and interest since the purported default date." *Id.* ¶ 11.

Ninth, Mr. Richmond submits that this case "cannot proceed to trial absent a valid answer on the docket." *Id.* ¶ 12. He argues the Court Clerk's note at ECF No. 92, entered pursuant to the Court's order, *see First* Cok *Warning and Order Entering Answer* at 3, "does not constitute a failed answer, as it lacks Defendant's signature as required by FRCP 11," such that the case lacks a procedural foundation. *Id.*

Tenth, the Defendant informs the Court that he left a message with staff at Doonan, Graves, and Longoria approximately forty-eight hours before filing his objection with the goal of discussing facts of the case but received no response. *Id.* ¶ 13. He submits that he "would not object to the court reopening discovery to help clear out some of the time that would be wasted at trial." *Id.*

Eleventh, he maintains the Court should not schedule a trial until "Plaintiff discloses the identity of the purported Select Portfolio [S]ervicing witness such that Defendant is allowed a fair and reasonable time to assess credentials," arguing this information goes to the witness's credibility. *Id.* ¶ 14.

Based on his prior experiences in court in other cases, Mr. Richmond estimates an eighteen-hour trial duration will be necessary to fairly address all issues in this case. *Id.* at 4. He concludes by requesting the Court: (1) sustain the objection to the trial scheduling order, (2) allocate adequate time to address issues at trial, (3) set a briefing schedule on the Law Court's *Kendall* decision, (4) briefly reopen discovery to permit Plaintiff to withdraw or amend noticed facts, (5) require Plaintiff to disclose the identity of the Select Portfolio Servicing witness, and (6) set a trial date after the *Kendall* briefing schedule and resolution of the circuit executive complaint, if necessary. *Id.* at 5.

### B.    U.S. Bank's Response

U.S. Bank responds to Mr. Richmond's motion to file by elucidating, from its perspective, the sequence of events in this case immediately preceding his motion. *Pl.'s Resp.* at 1. Plaintiff explains that the Court held a final pretrial conference on May 9, 2025 in Portland, Maine and that Attorney Reneau J. Longoria appeared on its behalf. *Id.* at 1-2. Citimortgage Inc., a defaulted party to this case, did not appear, nor did Mr. Richmond, who is acting pro se. *Id.* at 2. Further, U.S. Bank says, the Court provided notice to all parties of the final pretrial conference on April 7, 2025 and that final pretrial memoranda were due by May 2, 2025. *Id.* Plaintiff filed its final pretrial memorandum on May 1, 2025, but neither a pretrial memorandum nor motion to file a late memorandum was filed by Mr. Richmond. *Id.* For these reasons, U.S. Bank submits Mr. Richmond "has waived his opportunity to challenge or contribute to the Pretrial Order." *Id.* Plaintiff adds that the final pretrial conference

was held in the United States District Court for the District of Maine on May 9, 2025, and that the Court waited past the designated hour for Mr. Richmond to arrive.  *Id.*

Addressing the statements made in Mr. Richmond's objection, U.S. Bank first acknowledges that "one issue for trial is whether Mr. Richmond was entitled to the protection of 14 M.R.S.A §[ ]6111 as well as whether the letter sent was compliant." *Id.*  However, Plaintiff submits "there is no reason to delay or extend the time for trial on this issue," adding that it intends to introduce evidence to address this element of the foreclosure at trial.  *Id.*  Next, U.S. Bank submits that "[t]he foundation for the introduction of business records of the servicer which are also business records of the firm has been addresse[d] both by the Law Court and by the First Circuit and does not provide a reason to delay or extend the time for trial."  *Id.* (citing *U.S. Bank v. Jones*, 330 F. Supp.3rd 530, 540 (D. Me. June 26, 2018), *affirmed by* 925 F.3d 534 (1st Cir. 2019); *see also Bank of N.Y. Mellon v. Shone*, 2020 ME 122, 239 A.3d 671 (Oct. 22, 2020) (citation amended); *Deutsche Bank v. Clifford*, 2021 ME 11, 246 A.3d 597 (Feb. 25, 2021) (citation amended)).

Next, Plaintiff contends "[c]ompliance with 14 M.R.S. §[ ]6321 is acknowledged and does not provide a reason to delay or extend the time for trial."  *Id.* at 2-3. Further, Plaintiff says, the Law Court's decision in *Kendall* "does not support extending the time for trial as the curative statute is clear that assignments recorded for two years are valid," "unlike *Kendall*, there is no [*Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 17, 96 A.3d 700] issue in the instant case," and "the 'certification' requirement is clearly satisfied on at least two grounds, first of all under Rule 11 of

the Federal Rules of Civil Procedure and secondly under *Bank of America v. Cloutier*, 61 A.3d 1242, 1246, 2013 ME 17." *Id.* at 3 (citation corrected). U.S. Bank continues that "the specific issue of the validity of the subject Power of Attorney and that it is the holder of both the note and mortgage has already been litigated in the New York Bankruptcy Court years ago" and "the effect of the Admissions that have been deemed admitted by this Court clearly should shorten the length of this trial despite Mr. Richmond's protests to the contrary." *Id.*

U.S. Bank emphasizes the delays in this case as a result of objections to prior scheduling orders and interlocutory appeals to the First Circuit, all of which have been rejected, as well as court-ordered filing restrictions, submitting that "[o]ver forty months after the filing and service of this complaint it is well beyond a reasonable time for this matter to be resolved." *Id.* Finally, Plaintiff's counsel responds that Mr. Richmond's phone call to her firm was documented and that Plaintiff's counsel prefers to "communicate through court pleadings to avoid any miscommunication," adding "[t]he names of all witnesses and potential witnesses are included in the Witness List filed herewith." *Id.* at 4.

At bottom, U.S. Bank requests the Court deny Mr. Richmond's objection and proceed with trial as scheduled. *Id.*

## III.   DISCUSSION

### A.   Motion for Leave to File Objection

The Court has reviewed Mr. Richmond's motion for leave to file objection and determines it does not contain any personal attacks or abusive invective directed at court officers or opposing counsel.

Further, the Court concludes that Mr. Richmond's filing on May 29, 2025 was timely. The Court's May 12, 2025 Final Pretrial Order directed the parties that "[a]ny objections to a Pretrial Order shall be filed within fourteen (14) days from the date of its filing." *Final Pretrial Order* at 3. Under Federal Rule of Civil Procedure 6, when "computing any time period specified in these rules, in any local rule or court order" and the period is stated in a unit of days, parties should "(A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." FED. R. CIV. P. 6(a)(1). Further, "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), . . . 3 days are added to after the period would otherwise expire . . .." FED. R. CIV. P. 6(d).

Here, the Court's May 12, 2025 Final Pretrial Order triggered the objection period. Thus, under the Federal Rules, the clock for an objection began running on May 13, 2025, ran for fourteen days, and Mr. Richmond had an additional three days based on his service by mail. As such, Mr. Richmond's May 29, 2025 motion for leave to file was within the procedural deadline to do so, which did not expire until May 30, 2025.

Thus, the Court accepts Mr. Richmond's motion for leave to file and orders the motion attached to that filing entered on the docket as an accepted pleading. The

Court turns to its discussion of the merits of Mr. Richmond's objection attached to his motion for leave to file.

### B.    Mr. Richmond's Objection to Trial Scheduling Order

#### 1.    Legal Standard

Federal Rule of Civil Procedure 16 provides: "[t]he court may modify the order issued after a final pretrial conference only to prevent manifest injustice." FED. R. CIV. P. 16(f). First Circuit caselaw consistently reflects the spirit of this rule, explaining that "in this era of crowded district court dockets federal district judges not only may but must exercise strict control over the length of trials, and are therefore entirely within their rights in setting reasonable deadlines in advance and holding the parties to them." *Borges v. Our Lady of Sea Corp.*, 935 F.2d 436, 442-43 (1st Cir. 1991) (quoting *Flaminio v. Honda Motor Co.*, 733 F.2d 463, 473 (7th Cir. 1984)); *accord City of Bangor v. Citizens Commc'ns Co.*, 532 F.3d 70, 99 (1st Cir. 2008) ("A district court enjoys inherent power to 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants'") (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, (1936)).

To effect its authority over its own docket, the First Circuit has recognized the array of potential tools within a district court's discretion, recently holding:

> A district court, for example, may respond to a missed deadline by imposing monetary sanctions, *see McKeague v. One World Techs., Inc.*, 858 F.3d 703, 706 (1st Cir. 2017); by excluding evidence, *see Martinez-Serrano v. Quality Health Servs. of P.R., Inc.*, 568 F.3d 278, 283 (1st Cir. 2009); or by striking untimely submissions, *see Shell Co. (P.R.) v. Los Frailes Serv. Station, Inc., 605 F.3d 10, 24-25* (1st Cir. 2010). When circumstances warrant, a court may even dismiss a case outright. *See, e.g., McKeague*, 858 F.3d at 706-08; *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 45-46 (1st Cir. 2002).

*Rivera-Aponte v. Gomez Bus Line, Inc.*, 62 F.4th 1, 6-7 (1st Cir. 2023). "Given the amply stocked armamentarium that is available to a district court to combat the flouting of court-ordered deadlines, 'a litigant who ignores a case-management deadline does so at his peril.'" *Id.* at 7 (quoting *Rosario-Diaz*, 140 F.3d at 315; citing *Torres-Vargas v. Pereira*, 431 F.3d 389, 393 (1st Cir. 2005)).

"The choice as to how to respond to a flouted deadline in any particular case is largely for the district court. This is merely a subset of the principle that district courts possess wide latitude in the exercise of their case-management authority." *Id.* (citing *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 5 (1st Cir. 1993)); *accord Tubens v. Doe*, 976 F.3d 101, 107 (1st Cir. 2020) ("case management is a fact-specific matter within the ken of the district court").

### 2.      The Merits of Mr. Richmond's Objection

After reviewing Mr. Richmond's objection, the Court concludes he has presented no basis to further delay the trial in this case, which has been pending for nearly five years. This conclusion is reached in the context of this case's history, which the Court concludes has been delayed by Mr. Richmond's dilatory tactics designed to postpone the final resolution of this case. It is clear why Mr. Richmond benefits from continued delay; in a February 6, 2024 filing, U.S. Bank represented that Mr. Richmond has not made a payment on his promissory note and mortgage since February 1, 2012 and that U.S. Bank has been paying fees for taxes and insurance on the Property, while Mr. Richmond "lives for free" in the house. *See Opp'n to Mots. to Vacate* at 2 (ECF No. 127). Allowing the Defendant to continue to

delay resolution of this matter through non-meritorious filings would be procedurally improper, let alone substantively unjust.

Addressing first the various issues that Mr. Richmond asserts will need to be resolved at trial, *Def.'s Obj.* ¶¶ 1-5, the Court rejects his contention that these legal issues justify postponing the trial date. Indeed, the purpose of trial is to give both parties an opportunity to present their evidence and legal arguments. *See Estes v. Texas*, 381 U.S. 532, 540 (1965) ("Court proceedings are held for the solemn purpose of endeavoring to ascertain the truth which is the *sine qua non* of a fair trial"). Mr. Richmond submits these and other issues "justify a delay or stay of the trial to ensure proper preparation and resolution" but fails to acknowledge that he was amply notified of filing deadlines and to be ready for a June trial on October 30, 2024. *See Scheduling Order*. With regard to the objected-to order, Mr. Richmond was notified on April 7, 2025 of the final pretrial conference date and the requirement that he file a final pretrial memorandum by May 2, 2025. *June 2025 Civ. Trial List*. Further, the case has been extensively litigated for the past five years, including six interlocutory appeals filed by Mr. Richmond. U.S. Bank accepts Mr. Richmond's enumerated issues as required to be proven at trial and Mr. Richmond is entitled to present his defenses at that time, such that the Court sees no justification for continuing to delay on this basis.

The Court's conclusion extends to Mr. Richmond's assertion that delay is justified based on the Law Court's recent decision in *Deutsche Bank Trust Co. Ams. v. Kendall*, 2025 Me. Unpub. LEXIS 55. *See Def.'s Obj.* ¶ 6. In *Kendall*, the Law

Court determined "there was sufficient evidence in the record to support the court's determination that Deutsche Bank lacked standing to foreclose." *Id.* at *1 (citing *Greenleaf*, 2014 ME 89, ¶ 17, 96 A.3d 700). Plaintiff responds the *Kendall* case is inapposite because there is no analogous *Greenleaf* issue here because the "initial assignment comes directly from the originator, New Century Mortgage Corporation" and because Plaintiff is able to prove the statutory certification of ownership requirement. *Pl.'s Resp.* at 3. Further, U.S. Bank says, the issues of the validity of Power of Attorney and ownership of the promissory note and mortgage have already been litigated in New York Bankruptcy Court. *Id.* Mr. Richmond is entitled to put U.S. Bank to its proof on the question of standing; however, the Court does not conclude that further delay will advance the case toward a just resolution. While it is true that the *Kendall* decision was recent, its holding on standing was based on its application of *Greenleaf*, a 2014 case, to the evidence in the record of that case. The Court will do the same here by considering the evidence presented by both parties at trial under the *Greenleaf* framework.

Next, the Court concludes, based on clear statutory authority and federal jurisprudence, that Mr. Richmond's pending complaint to the circuit executive regarding this judge does not constitute a valid basis for further delaying trial. *See Def.'s Obj.* ¶ 8. 28 U.S.C. § 351 governs complaints against judges; however, federal courts have unanimously concluded that a judicial misconduct complaint filed pursuant to this statute does not warrant a stay of proceedings before the complained-of judge. *See, e.g., Chinniah v. E. Pennsboro Twp.*, No. 1:15-cv-02240, 2017 U.S. Dist.

LEXIS 216889, at *4 (M.D. Pa. Sep. 14, 2017) ("Quite the contrary, courts addressing this issue have consistently denied motions requesting a stay of proceedings while a judicial misconduct complaint is pending, reasoning that the same rationale for denying a motion for recusal in an underlying case due to the filing of a judicial misconduct complaint applies to a motion to stay"); *Black v. Friedrichsen*, No. 1:19-cv-00307-TLS-SLC, 2022 U.S. Dist. LEXIS 58161, at *14 (N.D. Ind. Mar. 29, 2022) ("Allowing a litigant to stay a case merely because she filed a complaint of judicial misconduct would allow her to hold this litigation hostage in the hopes that she might receive a more sympathetic judge—while ignoring the proper procedure and mechanisms for seeking recusal"); *In re Kozich*, 534 B.R. 427, 429 (Bankr. S.D. Fla. 2015) ("This conclusion—that the filing of a confidential judicial misconduct complaint does not require the judge who is the subject of the complaint to stop work on the case—makes complete sense from a public policy standpoint and is consistent with disqualification standards under 28 U.S.C. § 455(a)").

Mr. Richmond next takes issue with the two-hour trial period, arguing that this amount of time is inadequate and risks prejudicing his case. *See Def.'s Obj.* ¶ 10. The Court first notes that this amount of time was merely an estimate and further, was generated based on the information before the Court at the time of the final pretrial conference. *Final Pretrial Order.* As previously explained, Mr. Richmond neither filed a pretrial memorandum nor appeared at the final pretrial conference, so the Court had no means of knowing his concerns regarding the amount of time required to present his case. Nonetheless, the Court retains discretionary authority

over its docket and can adjust the trial period as necessary at trial. *Borges*, 935 F.2d at 442-43; *accord City of Bangor*, 532 F.3d at 99. Furthermore, the Court has presided over countless foreclosure trials. The issues are straightforward, and the Court does not anticipate that the resolution of this case should take any longer than scheduled. If the Court's prediction is incorrect and the trial takes longer than anticipated, the Court will respond accordingly.

However, as the Plaintiff submits in its response, the Court reminds Mr. Richmond of the Court's October 9, 2024 order which deemed admitted the facts contained in the Plaintiff's request for admissions based on Mr. Richmond's longstanding refusal to respond. *See Order on Mot. for Reqs. for Admission to be Deemed Admitted*. In that order, the Court was clear that:

> If Mr. Richmond wishes to challenge the effect of this order, namely that he has admitted the seventeen statements in U.S. Bank's June 16, 2023 Request for Admission, he must not sleep on his rights; he must promptly file a motion to be allowed to file an objection to this order and must address the criteria for withdrawal of the admissions. The Court will allow Mr. Richmond two weeks to file such a motion.

*Id.* at 5. Mr. Richmond never sought to withdraw the admissions and thus, these facts have already been deemed admitted for the purpose of trial. As U.S. Bank suggests and the Court credits as logical, these admissions may "shorten the length of this trial." *Pl.'s Resp.* at 3. At the same time, in its companion order to this order, the Court has urged U.S. Bank to present documentary and testimonial evidence at the upcoming trial, rather than relying exclusively on Mr. Richmond's failure to respond to the requests for admission.

Mr. Richmond also objects that the case cannot proceed to trial on the ground that the court-ordered general denial does not constitute a valid answer. *See Def.'s Obj.* ¶ 12. Ignoring repeated orders to file an answer to the complaint, Mr. Richmond has still not filed an answer and now attempts to use his stubborn refusal to obey court orders as an excuse to further delay the resolution of this case. The Court will not allow Mr. Richmond to obtain a strategic and financial advantage from his willful failure to comply with court orders.

As discussed, case-management is well-recognized as within the discretion of the Court. *Rivera-Aponte*, 62 F.4th at 7 ("district courts possess wide latitude in the exercise of their case-management authority") (citing *Jones*, 990 F.2d at 5); *accord Tubens*, 976 F.3d at 107) ("case management is a fact-specific matter within the ken of the district court"). The Court directed the Clerk to enter a general denial only as a last resort after Mr. Richmond repeatedly refused to answer the complaint, despite multiple court orders requiring him to do so. *See, e.g.*, *Order Denying Def.'s Mot. to Extend Time to File a Pre-Answer Mot. to Dismiss* (ECF No. 25); *Interim Order on Mot. for Judicial Notice and Ct.'s Reminder to Def. That He Must File an Answer to Compl.* (ECF No. 54); *Order on Mot. to Dismiss and Order to Answer Compl.* (ECF No. 88). Mr. Richmond's deadline to answer the complaint was originally October 4, 2021; the Court did not direct the Clerk to enter a general denial until June 5, 2023 and did so only "so that the Court may issue a scheduling order and move this long-delayed foreclosure action to fruition." *See First* Cok *Warning and Order Entering Answer* at 3. That was over two years ago. Again, the Court will not allow Mr.

Richmond to delay this case's resolution once again based on his tacit refusal to answer the complaint.

Finally, Mr. Richmond asserts discovery disputes remain unresolved and justify delaying trial so that the discovery period may be reopened. Specifically, he first asserts Plaintiff's counsel has not responded to his overtures to discuss facts. *See Def.'s Obj.* ¶ 13. Second, he asserts U.S. Bank has not disclosed the identity of its witness from Select Portfolio Servicing. *Id.* ¶ 14. Beginning with the latter, the Court notes that Plaintiff filed its witness list on June 2, 2025, which discloses the employee of Select Portfolio Servicing as Michelle Simon. *See Pl.'s Witness List* (ECF No. 180). The Court thus deems this objection resolved. With regard to his assertion that Plaintiff's counsel has declined to engage with him to discuss facts, U.S. Bank has responded that its preference is to "communicate through court pleadings to avoid any miscommunication." *Pl.'s Resp.* at 4. In light of Mr. Richmond's history of insulting and abusive language directed against Plaintiff's counsel, as well as the rapidly approaching trial date, the Court does not consider Plaintiff's counsel's decision to communicate via court filings a basis to further delay the resolution of this case.

The Court concludes Mr. Richmond has failed to establish that proceeding with the trial date as set forth in the Final Pretrial Order would be a "manifest injustice," FED. R. CIV. P. 16(f), and thus declines to postpone or stay the trial date set forth in the Final Pretrial Order. The trial will proceed as scheduled on Monday, June 23,

2025 at 1:00 p.m. at the Edward T. Gignoux United States Courthouse in Portland, Maine. *Final Pretrial Order* at 3.

## IV.    CONCLUSION

The Court GRANTS Eric Richmond's Request to be Permitted to File Objection as Mentioned in May 12, 2025 Order (ECF No. 178) and ORDERS the Court Clerk to enter Mr. Richmond's Objection to Trial Scheduling Order (ECF No. 178, Attach. 1) on the docket.

The Court further OVERRULES Eric Richmond's Objection to Trial Scheduling Order and AFFIRMS the Court's Report on Final Pretrial Conference and Order (ECF No. 177).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 11th day of June, 2025