UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST, SERIES NC 2005-HE8, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES NC 2005-HE8,<br><br>    Plaintiff,<br><br>    v.<br><br>ERIC RICHMOND, a/k/a ERIC H. RICHMOND<br><br>    Defendant,<br><br>    and<br><br>CITIMORTGAGE, INC., f/k/a CITIGROUP MORTGAGE, INC.<br><br>    Defaulted Party. | No. 2:21-cv-00208-JAW |

**ORDER ON U.S. BANK'S MOTION IN LIMINE**

With trial in a foreclosure case rapidly approaching, the plaintiff moves in limine for the court to enter an order discharging the mortgage held by an interested party and, further, for the court to permit the plaintiff's use of its requests for admission, previously deemed admitted by the court, at trial. The court grants the plaintiff's motion insofar as it requests permission to use at trial the requests for admission previously deemed admitted but dismisses the plaintiff's request to discharge an interested party's mortgage as improperly brought within a motion in limine.

I.     **PROCEDURAL BACKGROUND**[1]

On July 29, 2021, U.S. Bank National Association, as trustee, on behalf of the holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2005-HE8, Asset Backed Pass-Through Certificates, Series NC 2005-HE8 (U.S. Bank), the mortgagee, filed a foreclosure complaint against Eric Richmond, as mortgagor, claiming that on August 9, 2005, Mr. Richmond borrowed $198,000 from New Century Mortgage Corporation, secured by a mortgage deed, on the real property located at 66 Back Meadow Road, Nobleboro, Maine (the Property). *Compl.* (ECF No. 1). U.S. Bank alleges that, following assignment, it is the current holder of the August 9, 2005 promissory note and mortgage. *Id.* ¶ 10. U.S. Bank alleges further that Mr. Richmond failed to pay U.S. Bank in accordance with the terms of the promissory note and owes the mortgagee $345,067.69. *Id.* ¶ 17. CitiMortgage, Inc. f/k/a Citicorp Mortgage, Inc. (CitiMortgage), Plaintiff explains, "is the holder of a mortgage dated December 17, 1990 recorded in the Lincoln County Registry of Deeds in Book 1664, Page 153 as corrected by a corrective mortgage recorded in Book 2220, Page 153 [(CitiMortgage's Mortgage)], which upon information and belief has been paid in full and should have been discharged." *Id.* ¶ 19. At bottom, U.S. Bank asks the Court to enter an order discharging CitiMortgage's Mortgage and, further, order the foreclosure of the Property pursuant to Maine statutory law. *Id.* at 1-14.

---

[1] This Court very recently laid out in full the lengthy procedural history of this case, including details on the basis for imposing a filing restriction on the Defendant pursuant to *Cok v. Family Court*, 985 F.2d 32 (1st Cir. 1993), and therefore need not do so again here. *See Order on Mot. For Leave to File and Obj. to Trial Scheduling Order* at 2-9 (ECF No. 182). Instead, in the interest of brevity, the Court includes in this order only the procedural history relevant to the motion in limine being adjudicated.

2

U.S. Bank moved on October 5, 2021 for entry of default against Mr. Richmond.[2] *Pl.'s Mot. for Entry of Default as to Eric Richmond a/k/a Eric H. Richmond* (ECF No. 9). The Clerk initially entered default against Mr. Richmond, *Vacated Order* (ECF No. 10), but, later that day, Mr. Richmond entered an appearance pro se and filed a pro se motion to strike portions of the complaint, *Def.'s Mot. to Strike Portions of the Compl. Pursuant to FRCP 12([f])* (ECF No. 11); *Notice of Pro Se Appearance* (ECF No. 12), and, on October 6, 2021, the Court vacated the Clerk's order granting the Plaintiff's motion for entry of default as to Mr. Richmond. *Vacated Order* (ECF No. 13) (abrogated on other grounds by *Order on Mot. for Relief from J.* (ECF No. 15)). On March 15, 2022, U.S. Bank again moved for entry of default as to Mr. Richmond, *Pl.'s Mot. for Entry of Default as to Def.* (ECF No. 30), which the Clerk granted on March 23, 2022. *Order* (ECF No. 31). The next day, Mr. Richmond filed another motion, asking in relevant part for the Court to vacate its entry of default against him. *Def.'s Mot. to Vacate Docket # 29, # 30, # 31 Pursuant to Fed. R. Civ. P. 60(b)(1), 60(b)(4) and 60(b)(6) and for Judicial Notice Pursuant to Fed. R. Evid. Rule 201 Judicial Notice of Adjudicative Facts* (ECF No. 32). The Court denied Mr. Richmond's motion on March 25, 2022. *Order* (ECF No. 33). On April 8, 2022, U.S. Bank moved for default judgment against both Mr. Richmond and CitiMortgage (jointly, the Defendants). *Pl.'s Mot. for Default J. as to Defs.* (ECF No. 37).

---

[2]  CitiMortgage, which was served with process on August 5, 2021, *Summons in a Civ. Case* (ECF No. 5), did not answer the complaint and on September 24, 2021, U.S. Bank moved for entry of default against CitiMortgage. *Pl.'s Mot. for Entry of Default as to CitiMortgage, Inc. f/k/a Citicorp Mortg. Inc.* (ECF No. 7). The Clerk of Court granted the motion for entry of default that same day. *Order* (ECF No. 8) (*CitiMortgage Entry of Default*).

After the Court of Appeals for the First Circuit resolved in U.S. Bank's favor several interlocutory appeals filed by Mr. Richmond, *see Notice of Appeal* (ECF Nos. 35, 40, 50); *J.* (ECF No. 61); *J.* (ECF No. 62); *J.* (ECF No. 63), on November 14, 2022, Mr. Richmond moved for, and the Court granted the next day, an extension of time to answer the complaint. *Def.'s Mot. for Extra Time Pursuant to Fed. R. Civ. P. Rule 6(b)(1)([A])* (ECF No. 70); *Order* (ECF No. 71). When Mr. Richmond did not file an answer within the extended deadline, U.S. Bank again moved for entry of default against him on January 3, 2023. *Pl.'s Mot. for Entry of Default as to Eric Richmond a/k/a Eric H. Richmond* (ECF No. 76). The Court dismissed Plaintiff's motion on January 5, 2023 on the ground that Mr. Richmond has "demonstrated a clear purpose to defend the suit." *Order on Pl.'s Mot. for Entry of Default as to Eric Richmond a/k/a Eric H. Richmond* at 4-5 (ECF No. 77) (quoting *Key Bank v. Tablecloth Textile Co.*, 74 F.3d 349, 353 (1st Cir. 1996) (in turn quoting *Muniz v. Vidal*, 739 F.2d 699, 700 (1st Cir. 1984))).

On February 1, 2023, the Court issued an order on Plaintiff's long-pending motion for default judgment as to both Defendants, explaining "[t]he filing of the three appeals and this Court's temporary lack of jurisdiction caused the Court to lose track of the April 8, 2022 motion for default" and dismissing the motion for default based on its conclusion, consistent with its January 5, 2023 order, that Mr. Richmond had demonstrated a clear purpose to defend. *Order on Pl.'s Mot. for Entry of Default and Def.'s Mot. for Judicial Notice* at 2-3 (ECF No. 79). The Court continued, "[a]lthough U.S. Bank might be entitled to a default judgment against CitiMortgage,

4

the Court dismissed the motion in its entirety because it was not certain that U.S. Bank would want a default judgment against CitiMortgage in the absence of a simultaneous judgment against Mr. Richmond." *Id.* at 3 n.1.  The Court noted that "U.S. Bank may elect to refile a motion for default judgment against CitiMortgage if it wishes to do so," *id.*; to date, Plaintiff has not done so.

After nearly two years of Mr. Richmond failing or refusing to file an answer to the complaint despite multiple court orders to do so, *see, e.g.*, *Order Denying Def.'s Mot. to Extend Time to File a Pre-Answer Mot. to Dismiss* (ECF No. 25); *Interim Order on Mot. for Judicial Notice and Ct.'s Reminder to Def. That He Must File an Answer to Compl.* (ECF No. 54); *Order on Mot. to Dismiss and Order to Answer Compl.* (ECF No. 88), on June, 5, 2023 the Court "direct[ed] the Clerk of Court to enter for Mr. Richmond a general denial of the allegations in the Complaint with no affirmative defenses so that the Court may issue a scheduling order and move this long-delayed foreclosure action to fruition." *First* Cok *Warning and Order Entering Answer* at 3 (ECF No. 91).

On June 16, 2023, U.S. Bank served Mr. Richmond with Requests for Admission to be answered within thirty days under Federal Rule of Civil Procedure 36.  *Pl.'s Mot. for Reqs. for Admission to be Deemed Admitted* at 2 (ECF No. 167).  Mr. Richmond never responded to U.S. Bank's Requests for Admission, and on October 9, 2024, U.S. Bank filed a motion for the Court to deem admitted its Requests for Admission.  *Id.*  Mr. Richmond did not respond to the motion and the Court granted Plaintiff's motion on November 19, 2024, ordering "the facts asserted in U.S. Bank's

5

June 16, 2023 Requests for Admission to be admitted." *Order on Mot. for Reqs. for Admission to be Deemed Admitted* at 4 (ECF No. 169).

Separately, on October 30, 2024, the Magistrate Judge issued a scheduling order, setting case management deadlines and directing the parties to be trial-ready by June 2, 2025. *Scheduling Order* (ECF No. 168). The Clerk's Office published the District of Maine's June trial list on April 7, 2025, informing the parties that the case had been set for trial in the month of June and that the final pretrial conference in this matter had been scheduled for "May 9, 2025 at 2:30 p.m. in Courtroom No. 1." *June 2025 Civ. Trial List* (ECF No. 172).

On April 9, 2025, U.S. Bank filed a motion in limine, asking the Court to make two discrete rulings in advance of trial in the interest of efficiency: 1) that, based on CitiMortgage's default, "it[]s mortgage dated December 17, 1990 and recorded in the Lincoln County Registry of Deeds in Book 1664, Page 153 as corrected by a corrective mortgage recorded in Book 2220, Page 153 be ordered discharged," and 2) "that the Requests for Admissions previously served upon the Defendant Eric Richmond be deemed admitted for all purposes at trial." *Mot. in Lim.* at 1-2 (ECF No. 173). Neither Mr. Richmond nor CitiMortgage responded within the twenty-one days afforded to them by rule. *See* D. ME. LOC. R. 7(b)(1) ("Any objection or other response to a motion must be filed within 21 days after the motion is filed").

In accordance with the Magistrate Judge's scheduling order, the Court held its final pretrial conference in this case on May 9, 2025. *Min. Entry* (ECF No. 176). Attorney Reneau Longoria appeared at the final pretrial conference, but Mr.

Richmond did not. *Rep. of Final Pretrial Conf. and Order* at 1 (ECF No. 177). On May 12, 2025, the Court issued a report of the final pretrial conference and order (Final Pretrial Order) on May 12, 2025, informing the parties that the trial would be held on June 23, 2025. *Id.* at 1-3.

With trial fast approaching, the Court issues this order to address the Plaintiff's pending motion in limine.

## II.  THE PARTIES' POSITIONS

### A.  U.S. Bank's Motion in Limine

U.S. Bank moves for two discrete rulings in limine for the purposes of "limit[ing] the issues before the Court, shorten[ing] the trial, sav[ing] costs for the litigants and encourag[ing] litigation efficiency." *Mot. in Lim.* at 1. First, Plaintiff avers that, as alleged in its complaint, CitiMortgage's Mortgage "has been paid in full and should have been discharged." *Id.* at 2 (citing *Compl.*). Based on CitiMortgage's failure to appear and the subsequent entry of default against it, Plaintiff says, the Court should accept the Plaintiff's allegation and order the discharge of CitiMortgage's Mortgage. *Id.*

Second, U.S. Bank explains that it previously filed a motion for its Requests for Admission to be deemed admitted, *id.* (citing *Pl.'s Mot. for Reqs. for Admission to be Deemed Admitted*), which the Court subsequently granted. *Id.* (citing *Order on Mot. for Reqs. for Admission to be Deemed Admitted*). In the Court's order, Plaintiff says, it provided Mr. Richmond with two weeks to object to its order deeming admitted the Plaintiff's Requests for Admissions, *id.* (citing *Order on Mot. for Reqs.*

7

*for Admission to be Deemed Admitted*), but that Mr. Richmond never did so. U.S. Bank now avers it "seeks to use those Admissions at trial," which it has attached to its motion in limine as Exhibit A. *Id.*; *see also id.*, Attach. 1, *Pl.'s First Req. for Admissions to Def.* (*Requested Admissions*).

The Requested Admissions, which Plaintiff attached to its motion in limine. state the following seventeen facts:

> 1) Admit that [Mr. Richmond] executed, acknowledged and delivered a Note under seal to New Century Mortgage Corporation[] for the amount of One Hundred Ninety Eight Thousand and 00/100 ($198,000.00) Dollars, dated August 9, 2005.
>
> 2) Admit that the Plaintiff is the owner of the aforesaid [Promissory] Note [(Note)].
>
> 3) Admit that a true and accurate copy of the aforesaid Note was attached as Exhibit "B" to the complaint in this matter.
>
> 4) Admit that [Mr. Richmond] executed, acknowledged and delivered a Mortgage to New Century Mortgage Corporation[] for the amount of One Hundred Ninety Eight Thousand and 00/100 ($198,000.00) Dollars, dated August 9, 2005 and recorded in Book 3547, Page 230, concerning 66 Back Meadow Road, Nobleboro, ME 04555.
>
> 5) Admit that a true and accurate copy of the aforesaid Mortgage was attached to the complaint in this matter as Exhibit "C".
>
> 6) Admit that the Plaintiff is the owner of the aforesaid Mortgage dated August 9, 2005 and recorded in Book 3547, Page 230, concerning 66 Back Meadow Road, Nobleboro, ME 04555[].
>
> 7) Admit that [Mr. Richmond] breached a condition in the Mortgage having defaulted under terms of the Mortgage and Note by failing to satisfy the obligations of the loan and that it remains in default since February 1, 2012.
>
> 8) Admit that [Mr. Richmond] received a valid notice of default dated August 26, 2021 from Doonan, Graves, and Longoria, LLC on behalf of the servicer/mortgagee of record at the time, Caliber Home Loans, Inc.

9) Admit that a true and accurate copy of the aforesaid notice of default was attached to the Complaint as Exhibit "E".

10) Admit that [Mr. Richmond] is not in the military.

11) Admit that ownership of the Mortgage was assigned to U.S. Bank. by virtue of an Assignment of Mortgage dated April 18, 2012 and recorded in the Lincoln County Registry of Deeds in Book 4516, Page 240.

12) Admit that a true and accurate copy of the aforesaid assignment was attached to the Complaint in this matter as Exhibit "D".

13) Admit that U.S. Bank is the current owner/holder of the note dated April 18, 2012.

14) Admit that the subject loan has been in default since February 1, 2012.

15) Admit that the subject loan continues to be in default.

16) Admit that no payments have been made on the subject loan since February 1, 2012.

17) Admit that as of July 25, 2021, the following amounts were due and owing to the Plaintiff:

| Description | Amount |
|---|---|
| Principal Balance | $182,[]735.92 |
| Interest | $111,835.74 |
| Late Fees | $256.84 |
| Total Fees | $12.55 |
| Escrow/Impound Advance Balance | $45,252.76 |
| Loan Level Advance Balance | $5,082.96 |
| Unapplied Funds | $-109.08 |
| Grand Total | $345,055.14 |

*Requested Admissions* at 3-5.

9

### III. LEGAL STANDARD

"Motions in limine are a tool for trial lawyers to petition the court to exclude or to include particular pieces of evidence. Judges request them before the trial begins so that thorny evidentiary questions do not interrupt or slow down the proceedings." *United States v. Grullon*, 996 F.3d 21, 28 n.8 (1st Cir. 2021) (citing *United States v. Agosto-Vega*, 731 F.3d 62, 65 (1st Cir. 2013)). While motions in limine typically seek to resolve disputes over the admissibility of evidence, the United States Supreme Court has written that a motion in limine "in a broad sense" refers to "any motion, whether made before or during trial to exclude anticipated evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984); *accord United States v. Takesian*, 945 F.3d 553, 561 n.3 (1st Cir. 2019) ("An objection based on the Federal Evidence Rules may be made during trial . . .[.] But a party can ask for a decision under the Rules before trial, which is what an in limine motion is") (internal citations omitted).

### IV. DISCUSSION

#### A. Order Discharging CitiMortgage's Mortgage

By the Court's read, U.S. Bank's first request in limine, for an order discharging CitiMortgage based on its failure to appear and entry of default against it, is not a request for an evidentiary ruling, but a petition to the Court to functionally enter default judgment against CitiMortgage's Mortgage by deeming its mortgage

10

satisfied and discharging it. The Court thus considers whether this motion is properly brought in limine.

In *Palmquist v. Shinseki*, 729 F. Supp. 2d 425 (D. Me. 2010), this Court previously discussed a "motion in limine for judgment," explaining that "[t]here is no such thing." *Id.* at 428. As the Court wrote in *Palmquist*:

> [The plaintiff] may select among a number of vehicles to obtain a ruling on the Government's after-acquired evidence, including a motion in limine, a motion for judgment on the pleadings under Rule 12(c), a motion for summary judgment under Rule 56, or a motion to strike insufficient defense under Rule 12(f). But he may not amalgamate these motions. The problem is that each motion has its own process and standard and a "motion in limine for judgment" is unwieldy since it conflates the discretionary standard for evidentiary rulings and the error of law standard for dispositive rulings.

*Id.*

The Court confronts a similar issue here. It is true that default has been entered against CitiMortgage, *CitiMortgage Entry of Default*; however, the Court dismissed U.S. Bank's motion for default judgment against CitiMortgage on February 1, 2023 with specific instructions that Plaintiff could refile its motion if it wished. *Order on Pl.'s Mot. for Entry of Default and Def.'s Mot. for Judicial Notice* at 3 n.1. ("U.S. Bank may elect to refile a motion for default judgment against CitiMortgage if it wishes to do so"). Plaintiff declined or failed to do so. As such, at this time, default judgment has not been entered against CitiMortgage in this case and any attempt by Plaintiff to do so via a motion in limine is procedurally improper by circumventing the obligations set forth in Federal Rule of Civil Procedure 55 prior to ordering default judgment. *See* FED. R. CIV. P. 55(b)(2) ("In all [cases other than for a sum certain], the party must apply to the court for a default judgment. . . . If the party against

whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing").

For these reasons, the Court dismisses U.S. Bank's request for the Court to make a pretrial ruling discharging CitiMortgage's Mortgage. Plaintiff is entitled, should it wish, to present evidence at trial to demonstrate its entitlement to such requested relief.

### B. Deem Request for Admissions Admitted for All Purposes at Trial

U.S. Bank's motion in limine next requests the Court to permit its use of the Requests for Admission, which have already been deemed admitted by this Court, at trial. *Mot. in Lim.* at 1. Federal Rule of Civil Procedure 36 provides, in relevant part:

> **(a) Scope and Procedure.**
>
> > **(1)** *Scope.* A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
> >
> > > **(A)** facts, the application of law to fact, or opinions about either; and
> > >
> > > **(B)** the genuineness of any described documents.
> >
> > . . . .
> >
> > **(3)** *Time to Respond; Effect of Not Responding.* A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.
>
> **(b) Effect of an Admission; Withdrawing or Amending It.** A matter admitted under this rule is conclusively established unless the

> court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

FED. R. CIV. P. 36 (emphasis and formatting in original). As the First Circuit has explained in its application of Rule 36, "[a]ny matter thus admitted under the Rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. And courts have not hesitated in appropriate cases to apply the sanction of Rule 36 to material facts that conclusively establish or preclude a party's claim." *Brook Vill. N. Assocs. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982) (collecting cases).

Here, the Court deemed admitted the Plaintiff's Requests for Admission on the Plaintiff's motion after the requests went unanswered by Mr. Richmond for nearly sixteen months, well past the thirty days afforded by the statute. *See Order on Mot. for Reqs. for Admission to be Deemed Admitted*; FED. R. CIV. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney"). In its order, the Court specifically cautioned Mr. Richmond of his need to promptly move for the withdrawal of the admissions, informing him that:

> If Mr. Richmond wishes to challenge the effect of this order, namely that he has admitted the seventeen statements in U.S. Bank's June 16, 2023 Request for Admission, he must not sleep on his rights; he must promptly file a motion to be allowed to file an objection to this order and

13

> must address the criteria for withdrawal of the admissions. The Court will allow Mr. Richmond two weeks to file such a motion.

*Order on Mot. for Reqs. for Admission to be Deemed Admitted* at 5. Mr. Richmond failed or declined to file any such objection.

First Circuit caselaw unequivocally states that "[a]ny matter thus admitted under the Rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. And courts have not hesitated in appropriate cases to apply the sanction of Rule 36 to material facts that conclusively establish or preclude a party's claim." *Brook Vill. N. Assocs.*, 686 F.2d at 70. The Court will not depart from this precedent here; thus, U.S. Bank may use the requests for admissions, which have been deemed admitted by the Court, at trial.

As a cautionary note, even though U.S. Bank is entitled to use Mr. Richmond's admissions to prove its case at the bench trial scheduled for June 23, 2025, the Court urges Attorney Longoria to present an evidentiary basis to sustain the Plaintiff's foreclosure complaint through testimony and exhibits, rather than relying exclusively on Mr. Richmond's failure to respond to U.S. Bank's request for admissions. If U.S. Bank demonstrates at trial through witnesses and exhibits that it is entitled to foreclose Mr. Richmond's Nobleboro property, any judgment will be based on the merits of the complaint and not solely on Mr. Richmond's miscue. Given Mr. Richmond's status as a pro se litigant, it would be wiser and fairer to Mr. Richmond, and more prudent for Attorney Longoria, to make the evidentiary case on June 23, 2025 that U.S. Bank is entitled to its requested relief.

As a final note, under First Circuit law, it is the obligation of counsel to clarify at trial whether a ruling on a motion in limine or other evidentiary ruling is definitive. *Dimanche v. Mass. Bay Transp. Auth.*, 893 F.3d 1, 6 n.6 (1st Cir. 2018). In general, "[p]retrial motions in limine in situations like this need to be renewed and pressed at trial in order to be preserved." *Id.* (citing FED. R. EVID. 103 advisory committee's note to 2000 amendment); *see also Crowe v. Bolduc*, 334 F.3d 124, 133 (1st Cir. 2003) ("Our rule as to motions in limine is that a party must renew at trial its motion to . . . exclude evidence if there has been an earlier provisional ruling by motion in limine and a clear invitation to offer evidence at trial").

## V.   CONCLUSION

The Court GRANTS in part and DISMISSES in part U.S. Bank's Motion in Limine (ECF No. 173). The Court GRANTS the motion insofar as it seeks to use at trial the Requests for Admissions, which have been deemed admitted by the Court. The Court DISMISSES the motion insofar as it requests the Court to order the discharge of the mortgage dated December 17, 1990 and recorded in the Lincoln County Registry of Deeds in Book 1664, Page 153, as corrected by a corrective mortgage recorded in Book 2220, Page 153.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 11th day of June, 2025