UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

U.S. BANK NATIONAL                    )
ASSOCIATION, AS TRUSTEE,              )
ON BEHALF OF THE HOLDERS              )
OF THE ASSET BACKED                   )
SECURITIES CORPORATION                )
HOME EQUITY LOAN TRUST,               )
SERIES NC 2005-HE8, ASSET             )
BACKED PASS-THROUGH                   )
CERTIFICATES, SERIES                  )
NC 2005-HE8,                          )
                                      )
        Plaintiff,                    )
                                      )
    v.                                )        No. 2:21-cv-00208-JAW
                                      )
ERIC RICHMOND, a/k/a ERIC H.          )
RICHMOND,                             )
                                      )
        Defendant,                    )
                                      )
    and                               )
                                      )
CITIMORTGAGE, INC., f/k/a             )
CITIGROUP MORTGAGE, INC.,             )
                                      )
        Defaulted Party.              )

**ORDER ON MOTION FOR RECONSIDERATION**

A pro se defendant moves for reconsideration of an order in his favor that the

court issued following a bench trial on a foreclosure count. For the most part, the

court rejects the motion for reconsideration. First, the defendant has not met the

standards for reconsideration under the law. Second, the defendant's demand that

the court dismiss the foreclosure count with prejudice is contrary to Maine law.

Third, the defendant's fears that the court's factual findings will be presented to the

jury on the remaining counts of the complaint are baseless. Finally, so long as the

pleading meets the requirements of the civil rule, the court will allow the defendant to file an answer now more than five years after the lawsuit was filed but will not allow him to assert affirmative defenses, which have been long since waived.

## I.    BACKGROUND

On November 10, 2025, Eric Richmond filed a motion for reconsideration pursuant to Local Rule 7(f) and request for oral argument. *Def.'s Mot. for Recons. (w/ Prejudice, Non-Binding Scope, & Order Answer) Pursuant to Local Rule 7(f) and Request for Oral Argument* (ECF No. 239) (*Def.'s Mot.*). Mr. Richmond requests the Court amend its October 27, 2025 findings of fact and conclusions of law in three ways. *Id.* First, he asks the Court to amend its order dismissing without prejudice U.S. Bank's foreclosure count to dismissal *with* prejudice. *Id.* at 2-3. Second, he asks that the Court strike all nonessential factual findings and legal conclusions related to Plaintiff's lack of standing to bring their foreclosure count. *Id.* at 3-4. Third, he demands the Court confirm the discussion of the "remaining dispositive defects" will have no preclusive effect on the jury trial on U.S. Bank's remaining counts. *Id.* at 4-5. Mr. Richmond also requests oral argument on his reconsideration motion. *Id.* at 1. Finally, Mr. Richmond seeks permission to file an Answer "de novo" to Plaintiff's July 29, 2021 complaint. *Id.* at 6.

On November 12, 2025, U.S. Bank filed their response, opposing Mr. Richmond's motion for reconsideration. *Pl.'s Opp'n to Def. Richmond's Req. for Permission to File Document and Underlying Mot. for Recons.* (ECF No. 240) (*Pl.'s Opp'n*). The Court must deny Mr. Richmond's motion, U.S. Bank argues, because the Court's dismissal without prejudice is not based on a manifest error of fact or law,

nor does Mr. Richmond identify any new evidence, previously unavailable, that puts the Court's reasoning into question. *Id.* at 3. U.S. Bank did not address Mr. Richmond's other arguments, nor did they object to Mr. Richmond's request to file an answer "de novo."

On November 19, 2025, Mr. Richmond filed his reply, which, in addition to reiterating his position, posits U.S. Bank's failure to respond to most of the arguments in his motion constitutes a concession that Mr. Richmond is correct. *Def.'s Reply in Support* at 7, 15-16 (ECF No. 244) (*Def.'s Reply*). Accordingly, Mr. Richmond argues the Court must therefore grant his motion for reconsideration. *Id.* In further support of his argument for dismissing the foreclosure count with prejudice, Mr. Richmond also complains of a footnote in U.S. Bank's response explaining it has taken steps to confirm assignment of the mortgage with hope to cure their lack of standing on their foreclosure count, which Mr. Richmond argues is evidence U.S. Bank knew that the 2012 mortgage assignment they relied on in their complaint was defective, demonstrating U.S. Bank is "attempting to manufacture 'better' evidence" and has engaged in bad faith and gamesmanship throughout this case.[1] *Id.* at 3-7.

## II.    DISCUSSION

### A.    Standards for a Motion for Reconsideration

As the Court has previously explained, "[a] motion for reconsideration is available under United States District Court for the District of Maine Local Rule 7(f)

---

[1]    Mr. Richmond also replies with a new argument of laches, which the Court does not consider because it was raised for the first time in his reply. *See Hypertherm, Inc. v. American Torch Tip Co.*, Civil No. 05-cv-373-JD, 2007 U.S. Dist. LEXIS 67579, at *7 n.2 (D.N.H. Sep. 11, 2007).

but only if based on a 'manifest error of fact or law.'" *Order Denying Mot. for Recons. of Order Denying in Forma Pauperis Status and Reiteration of* Cok *Warning* at 2 (ECF No. 114) (quoting D. ME. LOC. R. 7(f)). "The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." *Salmon v. Lang*, 57 F.4th 296, 323 (1st Cir. 2022) (quotation omitted). "The moving party 'must either clearly establish a manifest error of law or must present newly discovered evidence' to warrant such relief." *Id.* (citation omitted); *see also Caribbean Mgmt. Grp. v. Erikon LLC*, 966 F.3d 35, 44-45 (1st Cir. 2020). Thus, the burden lies with Mr. Richmond to prove his entitlement to reconsideration and any waived argument from U.S. Bank is insufficient to automatically grant his motion's requested relief. *Id.*

For the reasons explained below, the Court DENIES in part and GRANTS in part Mr. Richmond's motion for reconsideration. The Court denies Mr. Richmond's motion in so far as he seeks to alter the contents of the Court's October 27, 2025 findings of fact and conclusions of law. Under Maine law, dismissal without prejudice is required when the plaintiff lacks standing to bring a foreclosure claim. Moreover, the factual findings and legal conclusions have no preclusive effect on U.S. Bank's remaining counts against Mr. Richmond, and the Court will not strike any factual findings or legal conclusions from its order. Finally, the Court grants Mr. Richmond's request to file an answer to U.S. Bank's complaint, although only for the limited purpose of streamlining the upcoming trial, currently scheduled for January 5, 2026.

**B.     When a Claimant Lacks Standing to Bring a Foreclosure Claim,
Dismissal without Prejudice is Proper as a Matter of Law**

Mr. Richmond argues U.S Bank's foreclosure claim must be dismissed with

prejudice.  *Def.'s Mot.* at 2-3.  Dismissal without prejudice, he contends, is legally

inappropriate where, as here, the court reached a merits-based determination that

the Plaintiff cannot prove an essential element of its claim.  *Id.* at 2.  Furthermore,

Mr. Richmond avers dismissal without prejudice is an illusory remedy in this case,

because Plaintiff may prolong litigation by moving to vacate dismissal and then move

for default judgment based on Mr. Richmond's failure to file an answer.  *Id.* at 3.

Finally, Mr. Richmond argues that because proving ownership of the mortgage is

futile and because standing cannot be created retroactively, dismissal with prejudice

is required.  *Def.'s Reply* at 1, 7.

Mr. Richmond is mistaken.  "A plaintiff's lack of standing renders that

plaintiff's complaint nonjusticiable—i.e., incapable of judicial resolution."  *Bank of

Am., N.A. v. Greenleaf*, 2015 ME 127, ¶ 8, 124 A.3d 1122 (citing *Homeward

Residential, Inc. v. Gregor*, 2015 ME 108, ¶ 24, 122 A.3d 947).  Contrary to Mr.

Richmond's argument, in dismissing U.S. Bank's foreclosure count for lack of

standing, the Court did not reach a merits-based determination.  Moreover, the Court

did not find that it is impossible for U.S. Bank to prove ownership in the mortgage,

only that U.S. Bank failed to submit sufficient evidence at the bench trial to prove

they owned the mortgage.  *U.S. Bank N.A. v. Richmond*, No. 2:21-cv-00208-JAW,

2025 U.S. Dist. LEXIS 212727, at *38 (D. Me. Oct. 27, 2025) ("U.S. Bank has failed

to prove its ownership of the mortgage . . . through a purported sale between New

Century and [Credit Suisse First Boston]"). Because U.S. Bank failed to provide the minimum necessary "documentary evidence to establish the details of the purported sale," *id.*, the Court did not address the merits and dismissal without prejudice was therefore appropriate.

The Maine Supreme Judicial Court has consistently held that a foreclosing party's failure to show the minimum interest required to raise a foreclosure claim results in dismissal without prejudice for lack of standing. *See Deutsche Bank Trust Company Americas v. Kendall*, Mem-25-54, 2025 Me. Unpub. LEXIS 55, at *1-2 (May 13, 2025); *Greenleaf*, 2015 ME 127, ¶¶ 6-9, 124 A.3d 1122; *Gregor*, 2015 ME 108, ¶¶ 24, 26, 122 A.3d 947. In *Kendall*, a case with a nearly identical chain of title issue to this case and for which the Court relied on heavily in its October 27, 2025 order, the Maine Supreme Judicial Court vacated the lower court's dismissal *with* prejudice for lack of standing and remanded the case for the lower court "to enter judgment dismissing the case *without* prejudice for lack of standing." *Kendall*, 2025 Me. Unpub. LEXIS 55 at *1-2 (emphasis supplied). Because U.S. Bank "failed to show the minimum interest that is a predicate to bringing [a foreclosure] claim," this Court "properly disposed of the case by entering dismissal without prejudice." *Greenleaf*, 2015 ME 127, ¶ 9, 124 A.3d 1122; *accord Gregor*, 2015 ME 108, ¶ 24, 122 A.3d 947.

Mr. Richmond's additional arguments attempting to distinguish this body of caselaw and that dismissal without prejudice is an illusory remedy are immaterial to whether dismissal without prejudice was correct as a matter of law. The Court

therefore denies his request to amend the Court's October 27, 2025 findings of fact and conclusions of law to dismiss U.S. Bank's foreclosure count with prejudice.

###    C.    The Contents of the Court's October 27, 2025 Order Will Not Be Admitted to the Jury

Next, Mr. Richmond demands the Court strike the "unnecessary" and "extensive additional findings" from its October 27, 2025 order, the inclusion of which he avers "actively prejudices the jury" with "harmful and incorrect statements of Maine law." *Def.'s Mot.* at 3.  Specifically, Mr. Richmond contends (1) the Court erred in finding the certified mail envelopes in evidence "satisfies the 'first-class mail' requirement for the Notice of Mortgagor's Right to Cure under 14 M.R.S. § 6111"[2]; (2) the Court's "lengthy discussion regarding the required contents of a foreclosure complaint and the applicable certification standard per [14 M.R.S. §] 6321" was "unnecessary to the disposition and should be stricken"; (3) the Court's determination that U.S. Bank proved their interest in the promissory note is "a non-essential finding that invades the province of the jury on the remaining counts"; and, finally, (4) "[b]eyond the specific legal errors," Mr. Richmond argues "the unnecessary discussion and findings on witness testimony, especially without addressing credibility issues raised by Defendant" "infringe[s] upon the jury's role . . . to make its own independent determinations" on U.S. Bank's remaining counts against Mr. Richmond,

---

[2]    The Court does not address Mr. Richmond's error of fact argument on first-class mailing.  Even if he were correct, it would not change the outcome of the Court's dismissal without prejudice for lack of standing.  It also need not be addressed, because, as explained below, the Court's factual findings in its October 27, 2025 order will not be submitted to the jury.

"uninfluenced by factual findings from [the] separate, concluded" bench trial on U.S. Bank's dismissed foreclosure count. *Id.* at 3-5.

Mr. Richmond badly misconceives the status of this case, what the Court decided, and what will be at issue before the jury. Although Mr. Richmond repeatedly asserted that he had a right to a jury trial on U.S. Bank's foreclosure action, he is wrong. *United States Bank Trust v. Menezes*, No. 2:17-cr-66-GZS, 2017 U.S. Dist. LEXIS 158386, at *2 n.2 (D. Me. Sept. 27, 2017); *see Kennebec Fed. S&L Ass'n v. Kueter*, 1997 ME 123, 695 A.2d 1201; *Key Bank of Maine v. Levesque*, Civil Action Docket Nos. CV-93-491, CV-94-275, 1996 Me. Super. LEXIS 72, at *4, and *4 n.2 (Me. Super. Mar. 4, 1996) ("Indeed, the law is overwhelming that a party has no right to a jury trial in a foreclosure proceeding") (citing cases). Although U.S. Bank asserted at one point that there was no right to a jury trial for the remaining counts of breach of note, breach of contract, quantum meruit, and unjust enrichment, the Court addressed this issue in its October 27, 2025 order and concluded that a right to a jury trial exists for at least two and probably three of these claims. *Richmond*, 2025 U.S. Dist. LEXIS 212727, at *53-56. Thus, the Court ordered the case set for jury trial in January 2026. *Id.* at *56-57.

The essence of the right to a jury trial is the right to have the jury, not the Court, decide the facts. To apply the facts the Court found in a bench trial to a jury trial would violate the Seventh Amendment right to a jury trial on all legal claims. Accordingly, because the Seventh Amendment preserves a party's right to a jury trial on all legal claims, a court's determination of issues presented at a bench trial are not

binding on a jury at a subsequent stage of the same case where the legal claims remain at issue. *See Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 552-53 (1990). This is particularly true in a case such as this one where U.S. Bank proceeded to trial only on their foreclosure count, which is an equitable claim, before losing on foreclosure and opting to proceed on their remaining counts, some of which are legal claims. *See Axelrod v. Phillips Academy*, 74 F. Supp. 2d 106, 109 (D. Mass. 1999) ("this Court's ruling on the plaintiff's equitable claim does not foreclose the plaintiffs from trying their legal claims before a jury"). The contents of the Court's October 27, 2025 order therefore have no preclusive effect on the remaining counts to be presented to the jury at trial. Thus, as far as the jury is concerned, it will know nothing about the foreclosure count, the bench trial, this Court's foreclosure decision, including its factual findings and legal conclusions.

In that sense, Mr. Richmond is right that the jury "must be free to make its own independent determinations, uninfluenced by factual findings from [the] separate, concluded" bench trial. *Def.'s Mot.* at 4. However, because those determinations have no bearing on the remaining counts and cannot be presented to the jury, the Court need not strike any findings of fact or legal conclusions from its order ahead of the upcoming trial. The Court therefore denies Mr. Richmond's request to strike any so-called nonessential factual findings and legal conclusions.

### D.    The Court Will Allow Eric Richmond to File an Answer

Mr. Richmond requests permission to file an answer on his own behalf within twenty-one days of this Court's order.[3] *Id.* at 5.  Allowing him to do so, Mr. Richmond contends, removes uncertainty around the presentation of evidence, jury instructions, and the ultimate resolution of the remaining claims.  *Id.*  Mr. Richmond further stipulates that if permitted to file his answer, it should not be construed as an amendment to, or an adoption of, any prior pleading filed by the Court on his behalf. *Id.*  Nor should filing his own answer constitute a waiver of any issues, objections, or rights he has previously raised or preserved in this case.  *Id.*

The Court will allow Mr. Richmond to file an answer to U.S. Bank's July 29, 2021 complaint.  However, given the length of time the case has been pending and the approaching trial, the Court has shortened the time for Mr. Richmond to file an answer from 21 to 14 days, so that the Court may assess and resolve any issues that may arise from the late filing of his answer.  The Court refers Mr. Richmond to the provisions of Federal Rule of Civil Procedure 8, which requires him to admit, deny, or state that he is without knowledge as to each allegation.  FED. R. CIV. P. 8(b).

The Court will not allow Mr. Richmond to assert any affirmative defenses, however.  The failure to assert affirmative defenses in an answer constitutes a waiver.  Here, U.S. Bank filed its complaint on July 29, 2021, *Compl.* (ECF No. 1),

---

[3]    Technically, Mr. Richmond's motion to file answer is not properly placed in his motion for reconsideration because he has never asked to file an answer, and the Court has never denied him a request to do so.  Instead, Mr. Richmond is requesting a motion for leave to file late answer, though under the name of a motion for reconsideration.  As Mr. Richmond has moved on this issue, U.S. Bank has responded, and Mr. Richmond has replied, the question of whether he will be allowed to file an answer has been fully briefed.  The Court will therefore rule on the motion under the motion for reconsideration rubric, even though it is a motion for leave to file late answer.

and Mr. Richmond not only refused to file an answer but adamantly refused to comply with repeated court orders that he do so, until the Court entered a general denial of the allegations on his behalf so that a scheduling order could issue, and the case move forward. *See Conjugal Partnership v. Conjugal Partnership*, 22 F.3d 291, 400 (1st Cir. 1994) ("Generally speaking, failure to plead an affirmative defense results in a waiver of the defense and the exclusion of all evidence relevant to it"). To allow Mr. Richmond to assert affirmative defenses five years after his answer was due and after the completion of a bench trial on one count and on the eve of a jury trial on other counts would run the potential of reopening discovery and would be grossly unfair to U.S. Bank. *See Mello v. Arruda*, C.A. No. 23-479JJM, C.A. No. 23-480JJM, 2025 U.S. Dist. LEXIS 212196, at *15-16 (D.R.I. Oct. 28, 2025) (denying request to amend pleadings on the brink of trial).

Thus, the Court forewarns Mr. Richmond. In his filings, Mr. Richmond demands the right to file his answer de novo. The Court is not certain what he means by de novo in this context; however, to be clear, Mr. Richmond's answer may not delay the resolution of this case; he is not entitled to a scheduling order or discovery upon filing his answer. The purpose of filing his answer is simply to alleviate the uncertainty concerning "the presentation of evidence, jury instructions, and the ultimate resolution of the remaining claims" at the upcoming trial. *Def.'s Mot.* at 5. The Court also reminds Mr. Richmond that he may not posit any scurrilous allegations, personal attacks, or similar provocations in his answer. *See* FED. R. CIV. P. 12(f) (A court "may strike from a pleading an insufficient defense or any redundant,

11

immaterial, impertinent, or scandalous matter"); *U.S. Bank Trust, N.A. v. King*, No. 1:19-cv-00119-JDL, 2020 U.S. Dist. LEXIS 100816, at *2-5 (D. Me. June 9, 2020); *Barth v. United States*, No. 2:18-cv-00201-JAW, 2018 U.S. Dist. LEXIS 188660, at *6-7 (D. Me. Nov. 5, 2018).

## III.   CONCLUSION

The Court therefore GRANTS in part and DENIES in part Eric Richmond's Motion for Reconsideration (w/ Prejudice, Non-Binding Scope, & Order Answer) Pursuant to Local Rule 7(f) and Request for Oral Argument (ECF No. 239).  The Court denies Mr. Richmond's motion in so far as he seeks to amend or strike the contents of the Court's October 27, 2025 Findings of Fact and Conclusions of Law (ECF No. 235).  The Court also denies his request for oral argument on his motion.  The Court grants his motion in so far as he requests to file an answer to U.S. Bank's July 29, 2021 Complaint (ECF No. 1) but DENIES his request insofar as he is seeking the right to assert affirmative defenses with his answer.  The Court ORDERS Mr. Richmond to file an answer no later than fourteen days from the date of this order.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 24th day of November, 2025.